FORET, Judge.
The defendant, David H. Huddleston, was charged by bill of information with two counts of distribution of marijuana, a violation of LSA-R.S. 40:966 A(l). On April 17, 1984, a twelve person jury found the defendant guilty as charged. The defendant was sentenced to serve three years in the Department of Corrections on each count, with the sentences to run concurrently. The defendant appeals, urging the following three assignments of error:
(1) The trial court erred in not including in its charge to the jury the instructions on entrapment requested by the defendant;
(2) The trial court erred in admitting for its consideration at the sentencing, the “rap sheet” or past criminal record of the defendant; and,
(3) The trial court erred and abused its discretion in imposing an excessively severe penalty of three years incarceration on each count, to run concurrently.
We reverse the conviction and sentence of the trial court.
FACTS
On October 7, 1983, a confidential informant called Calcasieu Parish narcotics officers and informed them that he knew a black male subject who was dealing in marijuana. Officer Grant Granger, the confidential informant, and the latter’s girlfriend drove to Church’s Fried Chicken on Broad and Shattuck Streets in Lake Charles, where they met the defendant. The defendant got into the confidential informant’s car, and they drove to a residence in the'North Lake Charles area. The defendant then exited the vehicle and entered the residence at 1814 Evans Street. The defendant returned to the car and told Officer Granger that the price of a quarter pound of marijuana would be $165.00. Officer Granger gave the defendant a total of $280.00 for the marijuana. The defendant returned to the residence with the money and brought Officer Granger a brown paper bag with a clear plastic bag in it containing a green plant-like material which was later determined to be marijuana.
On October 14, 1983, the same confidential informant called narcotics officers and advised them that he had another drug buy with the defendant. The defendant, the confidential informant and his girlfriend, and Officer Granger again drove to the same residence on Evans Street, where a transaction similar to the first one occurred. On the second occasion, Officer Granger purchased two quarter-ounce bags for $35.00 each. The two bags contained green plant-like material which was later determined to be marijuana.
ASSIGNMENT OF ERROR NO. 1
The defendant contends that the court erred in not including the instructions on entrapment, requested by the defendant, in its charge to the jury.
The defendant produced only one witness in his defense at trial, but was able to elicit testimony from the State’s witnesses, on cross-examination, which cast some doubt as to who approached who in these drug buys. The testimony from Officer Granger and the confidential informant, Mitchell Stine, was unclear as to who actually initia *106 ted the deal. The testimony indicated that Officer Granger asked the defendant if he could get him a quarter pound of marijuana. The officer testified that the defendant did not approach him and say that he wanted to sell him some marijuana.
The defense moved for an acquittal at the close of the State’s evidence on the basis of the defendant’s entrapment by the confidential informant and the officers involved. The trial court denied the motion, and the defense presented its only witness. LSA-C.Cr.P. Art. 807 states:
“The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
“A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.” (Emphasis ours.)
In State v. Johnson, 438 So.2d 1091 (La. 1983), the Court stated, at page 1097:
"... the trial court is required to charge the jury, when properly requested, as to the law applicable to any theory of defense which the jurors could reasonably infer from the evidence. State v. Telford, 384 So.2d 347 (La.1980); State v. Marse, 365 So.2d 1319 (La.1978). This charge must be supported by the evidence, however. State v. Telford, 384 So.2d 347 (La.1980); State v. Clement, 368 So.2d 1037 (La.1979).”
In State v. Mead, 377 So.2d 79 (La.1979), the Court stated, at page 82:
“Under provisions of La.C.Cr.P. art. 802 the trial court ‘shall charge the jury as to the law applicable to the case.’ This provision has been interpreted to require the trial judge to charge as to each and every phase of the case arguably supported by the evidence, whether believed by the judge or not. State v. Miller, 338 So.2d 678 (La.1976); State v. Lentz, 306 So.2d 683 (La.1975).”
From our review of the testimonial evidence in the record, we feel that the jurors could have reasonably inferred from the testimony that the defendant may have been entrapped. The issue was a factual one which fell within the province of the jury and should have been decided by the jury. The defense of entrapment was arguably supported by the evidence, and the trial court committed reversible error in failing to charge the jury as requested.
ASSIGNMENTS OF ERRORS NO. 2 and 3
Because we are reversing the defendant’s conviction and remanding for further proceedings, we need not address these assignments of error.
Accordingly, for the reasons assigned herein, the defendant’s conviction and sentence are reversed and set aside, and the case is remanded for a new trial in accordance with law.
REVERSED AND REMANDED.