478 So.2d 790 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Calvin WARE, Defendant-Appellant.
No. CR84-955.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1985.
*791 Gary J. Ortego, Ville Platte, for defendant-appellant.
J. William Pucheu, Dist. Atty., Ville Platte, for plaintiff-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
KNOLL, Judge.
Defendant, Calvin Ware, appeals his conviction for simple escape, a violation of LSA-R.S. 14:110. After denying defendant's motion for a new trial, the sentencing court imposed a sentence of five years at hard labor to run consecutive to any sentences previously imposed. Defendant contends that the trial court erred: (1) in denying his motion for a mistrial because he *792 was prejudiced by being shackled in the courtroom in the presence of the jury; (2) in denying his motions for change of venue; (3) in denying his challenges to jurors for cause; and (4) in improperly instructing the jury. We affirm.

FACTS
On July 22, 1982, defendant surrendered himself to local state probation and parole officers for possible parole violations. From that date until September 19, 1982, defendant remained incarcerated in the Evangeline Parish jail. On the night of September 18, 1982, defendant was present in the head count of prisoners. However, at the morning head count on September 19, 1982, the day-shift jailor noticed that defendant and his cell mate were no longer in the confines of the jail. Later that same day the Chief Deputy of the Evangeline Parish Sheriff's Office apprehended defendant and his cell mate, hiding between the rows of a soybean field.

MISTRIAL
Defendant contends that the trial court should have ordered a mistrial because defendant was seen shackled in the courtroom in front of two selected jurors and the remaining jury venire.
Upon motion of the defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for defendant to obtain a fair trial. LSA-C.Cr.P. Art. 775. Mistrial is a drastic remedy and should only be declared when it unnecessarily prejudices the defendant. State v. Smith, 430 So.2d 31 (La.1983). The determination of whether prejudice has resulted lies within the sound discretion of the trial judge. State v. Smith, supra. For us to find that the use of shackles was improper there must be a showing that defendant was prejudiced as a result of the restraints or that the restraints impaired his ability to assist in his defense. State v. Rome, 432 So.2d 207 (La.1983).
In the case sub judice, defendant's shackles were inadvertently left on for a few minutes, and from the trial judge's comments concerning this issue, it is clear that they were not intended to remain throughout the prosecution. The prospective jurors were extensively questioned as to any prejudices they might have had against defendant and whether they presumed him innocent until proven guilty; all jurors were steadfast in their impartiality and fairness. The record is void of any evidence that would establish that defendant was prejudiced by being restrained. Accordingly, we find that defendant failed to establish any prejudice against him because of the momentary use of shackles; therefore, the trial court did not err in its denial of defendant's motion for a mistrial. See State v. Brown, 434 So.2d 1166 (La. App. 1st Cir.1983), reversed and remanded on other grounds, 444 So.2d 1215 (La. 1983); State v. Crockett, 262 La. 197, 263 So.2d 6 (1972).

CHANGE OF VENUE
Defendant claims the trial court erred in denying his motions for a change of venue, one filed a day before trial and the other after the jury was selected.
In defendant's first motion for change of venue, he argued that publicity which appeared approximately two years before in the news media about his escape and his alleged involvement in another unrelated crime made it impossible for him to receive a fair trial in Evangeline Parish. Defendant asserts that the trial court denied his motion without a contradictory hearing because the motion was filed too late. There is no transcript of this hearing, however, subsequent trial colloquy confirms that defendant's motion was denied because of its tardiness. Subsequent trial conversation also establishes that, at the denial of defendant's pre-trial motion, the trial court stated that it would listen attentively to the voir dire examination and, if it became apparent that defendant would be prejudiced by any pre-trial publicity, it would take appropriate remedial action. The transcript *793 is void of any objection by defendant to the trial judge's ruling on his pre-trial motion or its ultimate deferral to the completion of the voir dire examination.
LSA-C.Cr.P. Art. 621 provides:
"A motion for a change of venue may be filed by either the state or the defendant. It shall be filed in accordance with Article 521; or thereafter, in the discretion of the court, any time before the first witness is sworn at the trial of the merits. The motion shall be in writing, sworn to by mover or his counsel, and shall contain:
(1) Allegations of fact upon which the motion is based; and
(2) A statement that the motion is not made for the purpose of delay, but to obtain a fair and impartial trial.
A contradictory hearing shall be held upon the motion."
The grounds for a change of venue are provided in LSA-C.Cr.P. Art. 622 which states:
"A change of venue shall be granted when the applicant proves that by reason of prejudice existing in the public mind or because of undue influence, or that for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending.
In deciding whether to grant a change of venue the court shall consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination or the testimony of witnesses at the trial."
Whether defendant has made the requisite showing for a change of venue is a question addressed to the sound discretion of the trial judge. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982). Despite the mandatory language of C.Cr.P. Art. 621, it is not improper for a trial judge to fail to hold a contradictory hearing on a motion for change of venue where final action is postponed until the completion of voir dire. State v. Brogdon, 426 So.2d 158 (La.1983); State v. Bolton, 354 So.2d 517 (La.1978).
In the denial of his second motion for change of venue, defendant relied solely on the fact that 21 of the 24 prospective jurors had heard reports of either defendant's escape or his possible involvement in another crime. He did not evidence any intention to call independent witnesses to demonstrate community prejudice. Even if this percentage of prospective jurors had heard of defendant, they all testified that they had formed no opinion regarding defendant's guilt or innocence. Accordingly, we find that defendant failed to carry his burden of proof that he could not receive a fair and impartial trial in Evangeline Parish. Therefore, this assignment of error is without merit.

CHALLENGES FOR CAUSE
Defendant argues that the trial court erroneously denied his challenges for cause, though all but two prospective jurors stated during examination that they had some familiarity with either defendant's case or another earlier one in which he had been implicated.
The trial court is vested with broad discretion in ruling on challenges to jurors for cause and such rulings shall not be disturbed on appeal absent a showing of an abuse of discretion. State v. Benoit, 440 So.2d 129 (La.1983).
One prospective juror had worked on the sheriff's posse, an honorary position, four years prior to trial and knew the district attorney. Criminal jury service by a person associated with law enforcement must be closely scrutinized. State v. Chapman, 410 So.2d 689 (La.1982). In the present case, the prospective juror had been disassociated from law enforcement for approximately four years and stated that neither his prior law enforcement association nor his acquaintance with the district attorney would influence him in his determination of defendant's guilt or innocence. The record shows that defendant did not establish the prejudice necessary to *794 exclude this prospective juror and, therefore, the trial court did not err in denying defendant's challenge for cause.
Another prospective juror stated that she heard a radio broadcast concerning defendant. However, in questioning by the trial judge and defense counsel the prospective juror stated that the broadcast had not prejudiced her against the defendant. Defendant further argues that because one prospective juror was successfully challenged for cause by the State because of the news media, all of the jurors exposed to the news media should have been excused for cause. We disagree. The record shows that this particular juror was prejudicially affected by the news media and, therefore, was correctly challenged for cause by the State. Accordingly, we find that the trial court did not abuse its discretion in denying defendant's challenge for cause.
Therefore this assignment is without merit.

SUPPLEMENTAL JURY INSTRUCTION
Defendant argues that the trial judge improperly instructed the jury, after returning for further instruction, to recommence deliberation and not return until they reached a verdict.
Defendant failed to enter a contemporaneous objection to the judge's instruction, and therefore his assignment of error is not properly before us for consideration. LSA-C.Cr.P. Art. 841; State v. Knight, 323 So.2d 765 (La.1975). Nonetheless, we find this assignment groundless. A review of the record reveals that the trial judge stated as follows:
"... Now, I've charged you again. I want you to go back in the jury room and attempt to come with a verdict for anyone of the three [verdicts (guilty, guilty of attempted escape, or not guilty)]."
Contrary to defendant's assertions, the record is void of any evidence that the trial judge exerted any undue influence on the jury to reach an unanimous verdict. This assignment of error lacks merit.

DECREE
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.