527 So.2d 514 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Larry LOYA, Defendant-Appellant.
No. CR87-1274.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*515 Ronald A. Ware, Lake Charles, for defendant-appellant.
Richard Ieyoub, Dist. Atty., Robert Bryant, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
YELVERTON, Judge.
Appellant, Larry Loya, 28, was convicted by a jury of simple burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. He was billed and sentenced as a multiple offender and given 12 years in the custody of the Louisiana Department of Corrections. On this appeal he assigns three errors. We find no merit to any assignment. We note an error patent, but it does not affect the outcome. We affirm the conviction.
Loya went through a bathroom window into a house one night, and searched for a wallet he had seen on a dresser when he was at the house as a visitor the day before. Arlene Williams, the occupant, awoke, but lay still, and watched Loya. The lights were on because the occupant and her three children who lived there were afraid of the dark. Unable to find the wallet, Loya left. Williams called the police, and Loya went willingly to the police station, where he gave a written statement admitting that he broke into the house to get the wallet for some money for his drug habit.
Assignment of error No. 1 is that the confession should not have been admitted because it was made in response to inducements or promises, in violation of La.R.S. 15:451. Loya and the police officers testified as to the circumstances surrounding the giving of the statement. The trial judge admitted the statement finding that it had been freely and voluntarily made, and in his reasons for judgment found that "there was no coercion of any kind, or promises made to Mr. Loya". The trial court's conclusion that the weight and credibility of the testimony supported a finding that the statement was voluntary, is supported by the evidence and will not be overturned. State v. Shapiro, 431 So.2d 372 (La.1982) and State v. Williams, 383 So.2d 369 (La.1980); writ denied at 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 828 (1981); rehearing denied at 450 U.S. 971, 101 S.Ct. 1493, 67 L.Ed.2d 622 (1981).
The second assignment is addressed to the sufficiency of the evidence. The standard of review is: whether there is sufficient evidence to justify a rational trier of the facts to find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The elements of the crime, as defined in R.S. 14:62.2, were satisfied: there was an unauthorized entry of an inhabited house with the specific intent to commit a theft therein. Although nothing was taken, the specific intent to commit a theft was proved. Mrs. Williams saw and recognized *516 the defendant. He admitted that he entered the house to pilfer her wallet. He had seen money in it the day before. He did not find the wallet, but when he was detected he was searching in the place where he had seen it the day before. This was sufficient proof to satisfy the specific intent element. State v. Perkins, 450 So. 2d 396 (La.App. 1st Cir.1984), writ denied, 452 So.2d 694 (1984). This assignment of error has no merit.
In his remaining assignment defendant complains that he was forced to wear a jail house identification bracelet throughout the trial in the presence of the jury, and that this prejudiced his case. Defendant complains of this, as well as the presence of deputy-guards in the courtroom, as demeaning his appearance, dignity and self-respect. The trial judge was made aware of these complaints early in the trial and ruled that the identification bracelet and the presence of guards was not unduly prejudicial. The standard of review is whether there was an abuse of discretion. State v. Ware, 478 So.2d 790 (La.App. 3rd Cir.1985). Defendant was wearing his own clothes and the bracelet was unobtrusive. If the bracelet was noticed or understood by the jury at all, its effect on his appearance was minimal. As to the presence of security personnel, there is nothing specific pointed out to us or apparent in the record that was out of the ordinary or unexpected in a courtroom setting in the trial of a person charged with criminal conduct. The mere presence of uniformed security personnel at a criminal trial is not prejudicial. The presence of guards is a matter addressing itself to the trial court's discretion. State v. Broadway, 440 So.2d 828 (La.App. 2d Cir.1983). We find no abuse of discretion. This assignment of error has no merit.
There is an error patent: the sentence imposed is illegally lenient because the first year was not required to be served without benefit of parole, probation or suspension of sentence, as mandated by La.R. S. 14:62.2. However, since the defendant alone appeals, the error, being favorable to him, will be ignored as inappropriate for the appellate court to correct. State v. Jackson, 452 So.2d 682 (La.1984).
The conviction is affirmed.
AFFIRMED.