KING, Judge.
This appeal presents for review whether or not the trial court committed reversible errors during the trial of the defendant. *1074 Joseph Saddler (hereinafter defendant) was charged by bill of information with the offense of distribution of marijuana, in violation of La.R.S. 40:966(A)(1). After a trial, the jury found the defendant guilty as charged by a vote of eleven to one. Defendant’s motion for a post verdict judgment of acquittal, or, in the alternative, for a new trial was denied. After a presentence report was prepared and a sentencing hearing was held, the trial court sentenced defendant to three years at hard labor, to be suspended upon defendant’s good behavior, and placed defendant on three years of active supervised probation, with special conditions that defendant serve two years in the parish jail and pay a monthly probation supervision charge after release from jail. Defendant appeals urging five assignments of error. We affirm.
PACTS
On the evening of June 26, 1985, Deputy Sheriff Tommy Davis was working undercover on the streets of Abbeville, Louisiana with a confidential informant. At approximately 9:45 P.M., Officer Davis and the confidential informant drove into the parking lot at Live Oak Manor on Lampman Street. The defendant approached the car and inquired whether they were looking for anything. Davis told the defendant that he was looking for a bag of marijuana and the defendant indicated that he could get a bag down the street. At this point, Davis introduced himself and the defendant introduced himself to Davis as Joseph Saddler. The defendant told Davis that the bag would cost $30.00, and that he would have to take the money and get the bag for Davis. Defendant indicated that Davis could not accompany him into the house where the marijuana was, but should ride around the block and meet defendant at the corner. Davis handed the $30.00 to the defendant and when Davis and the confidential informant finished circling the block, they found the defendant standing on Lampman Street and stopped. Defendant handed Davis a plastic bag containing material that looked and smelled similar to marijuana. Davis drove to the Travel Lodge Motel in Abbeville and gave the alleged contraband to his superior officer, Detective Ray Gaspard.
The State presented evidence to establish a chain of custody over the bag of marijuana from the time it left the possession of Officer Davis and went to the crime lab for analysis. Allan Gallaspy, a forensic chemist employed by the Acadiana Criminalistic Lab, testified that the seven grams of substance in the plastic bag were tested by him and was marijuana.
The defendant and his counsel were present and participated in jury selection on October 27, 1987. After completion of selection of the jury late in the day the court then recessed until the next morning. On the following day, October 28, 1987, the defendant failed to appear in court. Defense counsel blamed defendant’s absence on an alleged nervous breakdown and further stated that defendant was seeking admission to the psychiatric ward of several local hospitals. The court was unable to verify any of these allegations and, outside of the jury’s presence, issued a bench warrant for the defendant’s arrest. The jury was excused and ordered to return the following morning.
The defendant was arrested on the bench warrant and brought before the court on the following day, October 29, 1987. He claimed that he had no memory of the prior day and could not explain his absence from court. Defense counsel then raised the issue of the defendant’s mental capacity to stand trial and the court ordered that defendant be immediately taken to Dr. Ardley Hebert for examination. The court then excused the jury and ordered it to return the following day. Defense counsel stated that because it had been advised that Dr. Hebert felt that the defendant could stand trial and assist in his defense, counsel wanted to tender witnesses on the issue of defendant’s mental capacity. In connection with this request, defense counsel filed a formal motion for the appointment of a sanity commission on October 29, 1987. A supplemental motion for appointment of a sanity commission was filed on October 30, 1987.
*1075 On October 30, 1987, the court held a hearing and allowed the defendant to present evidence concerning his mental capacity to stand trial. Defendant offered medical records and the testimony of witnesses, Russel Saddler and Wilfred Sereal. The court found that there was insufficient evidence to raise a reasonable doubt as to defendant’s mental capacity to proceed and to justify appointing a sanity commission. The court refused to appoint a sanity commission even though one had been formally requested. The defendant’s trial then commenced and defendant was convicted by the jury of the charges of distribution of marijuana. Defendant appeals assigning five errors committed by the trial court during his trial.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant urges as his first assignment of error the trial court’s refusal to appoint a sanity commission. He further alleges that appointment of a sanity commission is non-discretionary, especially where evidence was introduced that defendant had a prior history of mental problems and his family had sought help for his mental condition in the days immediately before his trial commenced.
La.C.Cr.P. Article 642 states that:
“The defendant’s mental capacity to proceed may be raised at any time by the defense, the district attorney or the court. When the question of the defendant’s mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution except the institution of prosecution, until the defendant is found to have the mental capacity to proceed.”
Mental capacity to proceed exists when a defendant lacks the capacity to understand the proceedings against him or to assist in his defense as a result of mental disease or defect. La.C.Cr.P. Art. 641; State v. Brogdon, 426 So.2d 158 (La.1983).
The fact that the defendant’s mental capacity to proceed is raised does not for that reason alone require the judge to order appointment of a sanity commission. State v. Newman, 515 So.2d 548 (La.App. 1 Cir.1987); State v. Guidry, 449 So.2d 41 (La.App. 1 Cir.1984). There must exist some reasonable doubt whether the defendant has the mental capacity to stand trial before the court is required to order appointment of a sanity commission. La.C.Cr.P. Article 643; Newman, supra at 549; Guidry, supra at 44. The legal presumption is that a defendant is sane and responsible for his actions. La.R.S. 15:432. Therefore, the defendant bears the burden of showing by a clear preponderance of the evidence reasonable grounds for the judge to doubt his mental capacity to proceed. State v. Wilkerson, 403 So.2d 652 (La.1981). In Wilkerson, the court stated at page 658:
“The appointment of a sanity commission to inquire into the mental condition of the accused is addressed to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Nix, 327 So.2d 301 (La.1975), reh. den., 1976.”
The defendant introduced medical records from his service in the Air Force. Some of the records concerned chest pains and did not concern the defendant’s mental condition. One of the medical records from the Air Force, dated March 23, 1971, contained a diagnosis based on defendant’s medical history which was:
“Schizophrenic reaction, latent type, acute, moderate, in partial remission; manifested by anxiety, depression, flattened effect, loosened associations, tangcutial [sic] thinking, sleep disturbances, poor concentration and abuse of marihuana [sic] and amphetamines in an attempt to counteract emerging psychotic symptoms. Stress: mild, routine military duty. Predisposition: none. Impairment: marked for further military duty, definite for social and vocational rehabilitation.”
Defendant also presented testimony from his friend, Wilfred Sereal, and his brother, Russell Saddler. This evidence concerned defendant’s behavior in the few days before his trial. The majority of the *1076 testimony concerned defendant’s unresponsiveness to questions. However, there was testimony that he had been responsive to Dr. Hebert’s questions. The trial judge also noted that the defendant has been responsive to his questions in court on October 29, 1987. Furthermore, the court noted it had caused the defendant to be examined by Dr. Ardley Hebert, who found that the defendant could stand trial and was able to assist in his own defense. In State v. Berry, 391 So.2d 406 (La.1980), the court found no abuse of discretion where the trial judge denied the motion for a sanity commission after the defendant was examined by a psychiatrist who found no evidence of a mental disorder. After reviewing the entire record, we agree that the defendant did not meet the burden of showing by a clear preponderance of the evidence reasonable grounds for the trial judge to doubt his mental capacity to proceed. For this reason we find this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER TWO
The defendant urges that the trial court committed error in refusing to grant a defense motion for a mistrial on the basis that two of the jury members had walked through the courtroom on October 30, 1987, while the defendant was sitting there garbed in his orange prison clothes. These two jurors had walked through the courtroom on the same day the trial court was holding a hearing on the defendant’s mental capacity to proceed. However, the trial judge noted that these two jurors hurriedly walked through the courtroom, addressed the bench, and went on to the jury room. The trial judge further stated that he did not even see the jurors look at the defendant who was wearing his orange prison suit.
A mistrial shall be ordered when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial. La.C.Cr.P. Art. 775. The defendant has a right to be tried free of shackles and prison garb, because the defendant has a right to presumption of innocence. State v. Kinchen, 290 So.2d 860 (La.1974). Mistrial is a drastic remedy which should only be declared when the defendant has been unnecessarily prejudiced. State v. Smith, 430 So.2d 31 (La.1983); State v. Ware, 478 So.2d 790 (La.App. 3 Cir.1985). The mere possibility that the defendant was prejudiced is not enough. State v. Wilkerson, 403 So.2d 652 (La.1981). The record must clearly show that the occurrence complained of prejudiced the defendant. State v. Clark, 325 So.2d 802 (La.1976); State v. Wilkerson, supra at 659. The determination of whether prejudice has occurred lies within the sound discretion of the trial judge. State v. Smith, supra at 44; State v. Ware, 478 So.2d at 792.
There is no evidence in the record that any other juror might have seen the defendant in his prison clothes other than the two jurors involved. Louisiana courts have refused to find prejudice just because a juror may have seen the defendant in handcuffs. State v. Wilkerson, supra at 659; State v. Clark, supra, at 807; State v. Ware, supra at 792. There has been no showing of prejudice in this case merely because two jurors may have seen the defendant briefly in his orange prison clothes. For this reason we find this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER THREE
The defendant argues next that the trial court erred in refusing to allow the defense to know the identity of the confidential informant. The defendant further cites error in the court’s refusal of the request for an instanter subpoena for the confidential informant.
The informer privilege permits the withholding of the identity of the informant who supplies information to law enforcement officers concerning criminal conduct. State v. Oliver, 430 So.2d 650 (La.1983), cert. denied, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983); State v. Williams, 347 So.2d 184 (La.1977).
“The informer privilege is based on the need of assuring a free disclosure of *1077 information to a governmental source through protecting against unnecessary disclosure, and upon the asserted governmental need of any such sources to obtain information as to covert types of criminal activities.” State v. Dabon, 337 So.2d 502, at page 503 (La.1976).
The State may withhold the identity of a confidential informant unless the defendant makes a showing of exceptional circumstances warranting disclosure of the informant’s identity. State v. Edwards, 351 So.2d 500 (La.1977); State v. Slaid, 508 So.2d 597 (La.App. 2 Cir.1987), writ den., 513 So.2d 819 (La.1987); State v. Huber, 504 So.2d 644 (La.App. 4 Cir.1987). The trial judge has much discretion on whether the circumstances warrant disclosure. State v. Oliver, supra, at page 652; State v. Staid, supra at page 601.
The defendant will not be entitled to a disclosure of the identity of a confidential informant who merely witnesses the alleged transaction which forms the basis of the offense but does not participate in the transaction. State v. Oliver, supra at 652; State v. White, 508 So.2d 982 (La.App. 3 Cir.1987), writ den., 512 So.2d 1184 (La.1987). Officer Davis testified that he was the person who told the defendant that he was looking for a bag of marijuana and that he then paid money directly to the defendant for a bag of marijuana. The defendant later handed the bag of marijuana to Officer Davis. There was no evidence that the confidential informant was anything other than a witness to the transaction. For this reason, the defendant was not entitled to compel disclosure of the confidential informant’s identity. This assignment of error has no merit.
ASSIGNMENT OF ERROR NUMBER FOUR
The defendant urges next that the trial court erred in refusing to charge the jury with the law concerning entrapment, even though the charge was in writing and requested by defense counsel before the jury instructions were read to the jury. Defense counsel argued that entrapment was necessarily an issue in a distribution case. However, the special charge of entrapment was requested after the closing arguments to the jury had already been made. The trial judge, in his discretion, denied the request.
La.C.Cr.P. Art. 807 states that:
“The state and the defendant shall have the right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent.”
The trial judge is required to charge the jury with the law applicable to each and every phase of the case arguably supported by the evidence, whether or not believed by the judge. La.C.Cr.P. Art. 802: State v. Miller, 338 So.2d 678 (La.1976); State v. Huddleston, 463 So.2d 104 (La.App. 3 Cir.1985). Entrapment is a defense on the merits and it is within the province of the trier of fact. State v. Wilson, 362 So.2d 536 (La.1978). Where there is no evidence offered at trial to support the requested special jury charge, the trial judge acts properly in refusing to give the requested charge. State v. Belgard, 410 So.2d 720 (La.1982). The denial of a special charge of entrapment is discretionary if requested after closing argument is made to the jury. State v. Gonzales, 258 La. 103, 245 So.2d 372 (1971).
In this case, the trial court could find no evidence to support giving a special jury charge of entrapment. A review of the record supports the court’s finding that the defendant failed to present any evidence which could arguably support a conclusion that the defendant was entrapped. Moreover, the decision to give the special charge of entrapment was within the discretion of the trial court, since it was requested after the closing jury arguments had been made, and the request for this special jury charge did not come earlier. This assignment of error lacks merit.
*1078 ASSIGNMENT OF ERROR NUMBER FIVE
In his final assignment of error, the defendant argues that the trial court was incorrect in denying a post-motion verdict judgment of acquittal or, alternatively, for a new trial where the verdict was contrary to the law and evidence. The basis of the defendant’s argument is that the State failed to prove beyond a reasonable doubt that a distribution of marijuana occurred and that defendant was the person who distributed it.
In reviewing the denial of a post-verdict motion for acquittal, an appellate court uses the same standard of review as in the due process claims of insufficiency of the evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Handley, 453 So.2d 1242 (La.App. 1 Cir.1984), writ den., 457 So.2d 1199 (La.1984). When viewing the sufficiency of the evidence to support a conviction, an appellate court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant to have committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983); State v. Cargille, 507 So.2d 1254 (La.App. 3 Cir.1987), writ den., 512 So.2d 1175 (La.1987).
Officer Davis not only identified the defendant as the person who sold him the marijuana but testified that the defendant introduced himself as Joe Saddler. Davis has been employed as a police officer for approximately eight years, had worked a number of undercover operations, and had made many arrests. His credibility and testimony was not impeached at the trial. Therefore, viewing the evidence in the light most favorable to the prosecution, there was more than sufficient evidence from which the jury could have found, beyond a reasonable doubt, that distribution of marijuana occurred and that the defendant was the person who distributed it. For these reasons this assignment of error is without merit.
For the above reasons, the conviction of the defendant by the trial court is affirmed.
AFFIRMED.