GUIDRY, Judge.
Defendant, John Ambrose Sanmiguel, was convicted pursuant to a plea agreement of driving while intoxicated (DWI), third offense, a violation of La.R.S. 14:98, and on January 28,1993, was sentenced to serve two years at hard labor with credit for time served. On appeal, defendant contends that *958 (1)the trial judge failed to comply with La. C.Cr.P. art. 894.1 in sentencing him; and (2) the sentence imposed was excessive. We affirm.

ERRORS PATENT

A review of the record pursuant to La.C.Cr.P. art. 920 for errors patent reveals three such errors. First, the district attorney failed to state on the bill of information the date of a prior DWI conviction necessary to establish that this was defendant’s third offense. La.C.Cr.P. art. 483 requires that the date of the prior conviction be included in an indictment when it is necessary to allege a prior conviction. Defendant did not object to this technical deficiency in the bill of information prior to the rendering of the verdict or judgment. This constitutes a waiver of the deficiency unless the defendant is unduly prejudiced or surprised thereby. State v. Gordon, 336 So.2d 793 (La.1976). No prejudice or surprise occurred and defendant complains of none.
Secondly, La.R.S. 14:98 requires that, for a third DWI conviction, at least six months of the imprisonment shall be without benefit of probation, parole or suspension of sentence unless the court requires the offender to participate in a substance abuse program and/or a driver improvement program. No portion of the sentence was imposed without benefit of probation, parole or suspension of sentence, and no alternative treatment plan was mandated by the trial court. Thus, the sentence was illegally lenient. Since the defendant alone appealed, the illegally lenient sentence cannot be corrected. State v. Jackson, 452 So.2d 682 (La.1984); State v. Loya, 527 So.2d 514 (La.App. 3rd Cir.1988).
In addition, the trial court failed to inform the defendant of the La.C.Cr.P. art. 930.8 three year limitation for seeking post-conviction relief. The trial court is directed to inform the defendant of the Article 930.8 provisions by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof of defendant’s receipt of such notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3rd Cir.1993).

ASSIGNMENTS OF ERROR NOS. 1 AND 2

Defendant contends that the trial court failed to adequately comply with the Article 894.1 sentencing guidelines and that the two year sentence imposed is excessive.
Defendant’s guilty plea was entered into pursuant to a plea bargain with the State. The court stated:
THE COURT: It’s my understanding that you wish to withdraw your former plea of not guilty and tender a plea of guilty to the offense of OMVI 3rd offense in exchange for which the State will dismiss all other charges against you and you have agreed to a maximum hard labor sentence of two years. Is that your decision?
To this inquiry, the defendant responded, “yes, sir”.
La.C.Cr.P. art. 881.2 was added by Act 38 of 1991 and is applicable in the present case. Article 881.2(A)(2) provides:
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.
At the time of the plea, defendant had stipulated to a sentence of two years at hard labor. Article 881.2(A)(2) specifically prohibits a review of defendant’s sentence. He agreed that a plea agreement existed, and the sentence imposed was in conformity with that plea agreement. Review of his sentence is precluded by this statute.
For these reasons, we do not address the merits of defendant’s assignments of error. We order the trial court to inform the defendant of the Article 930.8 three year limitation for seeking post-conviction relief by sending appropriate written notice to the defendant within ten days of the rendition of this opinion. The trial court is further ordered to file written proof of defendant’s receipt of such notice in the record of the proceedings. The *959 defendant’s conviction and the sentence imposed are affirmed.
AFFIRMED.