515 So.2d 548 (1987)
STATE of Louisiana
v.
Michael NEWMAN.
No. 87 KA 0266.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
*549 Bryan Bush, Dist. Atty., Baton Rouge, by Mike Erwin, Asst. Dist. Atty., for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, by Tim Screen, Asst. Public Defender, for defendant/appellant.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
Michael Newman was convicted of second degree battery, a violation of LSA-R.S. 14:34.1, and sentenced to four years at hard labor. He appealed, urging eight assignments of error and briefing four. Assignments of error not briefed on appeal are considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.

FACTS
On September 4, 1985, defendant accosted Randall Parker as Parker walked along a street with Tonya Sterling, defendant's former girlfriend. After the two men argued for a few minutes, defendant drew a gun, hit Parker across the head with it, and shot him in the thigh. Both Parker and Tonya Sterling testified that Parker was unarmed and defendant was the aggressor.

DENIAL OF SANITY HEARING
In this assignment of error, defendant contends the trial court erred by denying his motion for a sanity hearing. He argues that reasonable grounds existed for the court to doubt his mental capacity to proceed.
On the date trial began, defense counsel orally moved for the appointment of a sanity commission, advising the court at the time that he had no independent evidence of defendant's mental problems. The court denied the motion, noting its belief that the motion was a delaying tactic. However, the court specifically asked what the basis of the motion was; defense counsel stated that defendant told him he had been undergoing regular treatment at a local mental health center and was currently receiving mental health treatments in the parish prison. Thereafter, the court again denied the motion. Defendant now argues that the fact that he had been receiving mental health treatments justified the granting of a sanity hearing.
The appointment of a lunacy commission is not a perfunctory matter or a ministerial duty of the trial court. Nor is it guaranteed to every accused in every case. State v. Guidry, 449 So.2d 41 (La.App. 1st Cir.1984). The fact that the defendant's capacity to proceed is called into question does not, for that reason alone, require the judge to order a mental examination of the defendant; rather, he must have reasonable grounds to doubt defendant's capacity. LSA-C.Cr.P. art. 643. The appointment of a sanity commission to inquire into the mental condition of the accused is addressed to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Wilkerson, 403 So.2d 652 (La.1981). Where the issue is presented by bare allegations without supporting evidence, the exercise of discretion conferred on the trial judge will not be disturbed. Id. at 658.
Defendant did not present any evidence to support his claim that he was in need of the appointment of a lunacy commission. This assignment of error has no merit.

DENIAL OF MISTRIAL
In these assignments, defendant submits the trial court erred by denying his motion for a mistrial based on references by two state witnesses to the fact that defendant had previously been incarcerated. He claims that this motion for a mistrial should have been granted because these remarks constituted prohibited references *550 to other crimes alleged to have been committed by defendant and because the state failed to comply with discovery procedures by providing notice of a statement made by defendant. Finally, defendant urges that the court erred by failing to admonish the jury to disregard the remarks after the motion for mistrial was denied.
On direct examination, Tonya Sterling testified that she had been intimately involved with defendant about six years previously and that he was the father of her daughter. Thereafter, the state sought information on her recent contact with defendant; and the following exchange occurred:
Q And at that time how long had it been since you'd been out with Michael?
A Well, Michael had just got out the penitentiaryfive years.
Defendant immediately objected and, out of the presence of the jury, moved for a mistrial. After a brief recess, the court denied the motion and admonished the jury to disregard the statement.
The second remark occurred during the testimony of Randall Parker, the victim. The state asked Parker what happened after he was shot. The victim replied as follows:
A Well, I tried toI threw my hands up in the air and I said, all right then you got me now, and I walkedbecause I didn't even realize I was shot;... Michael was still out there and he told me that ... he say, (sic) Now say something else to me and he say, (sic) I'll go back to the penitentiary for you or something like that ...
Defendant again moved for a mistrial. At a hearing conducted out of the presence of the jury, the court denied the motion. Before the jury returned, the state asked leave to question the witness; and the following exchange occurred:
Q Didn't Mr. Steele talk to you about not saying anything else about the penitentiary or crimes?
A Yeah, he sure did.
Q Well, try to keep that in mind, okay.
Defendant then reiterated his objection to the statement on the grounds that the witness disobeyed the injunction prohibiting the reference and because the state had not provided notice of intent to use the statement, as required by LSA-C.Cr.P. art. 768. The court specifically found that Parker's remarks were a part of the res gestae and, as such, notification was not required.
Defendant now argues that his defense was severely prejudiced because the jury was alerted to his prior criminal history and that his right to a fair trial was jeopardized. Further, he argues that he was entitled to a mistrial because the state failed to comply with discovery procedures by notifying him of the existence of the statement elicited through the testimony of the victim.
Initially, we note that defendant's second argument is totally without merit. The remarks to which defendant objected were clearly not deliberately elicited by the state. Defendant's brief to the contrary, there is absolutely no indication in the record that the state intended to introduce this statement; rather, Parker testified that he had been asked specifically not to mention defendant's other offenses or the time he was incarcerated. The state must give pretrial notice only of inculpatory statements intended for use at trial. LSA-C.Cr.P. art. 716, 768; State v. Parker, 416 So.2d 545 (La.1982); State v. Smith, 444 So.2d 262 (La.App. 1st Cir.1983). Thus, defendant was not entitled to a mistrial because of Parker's reference to a statement made by him.
Defendant also argues his defense was prejudiced because the jury became aware that he had previously been incarcerated. He claims that the oblique reference to another crime presented grounds for a mistrial.
LSA-C.Cr.P. art. 770 mandates a mistrial upon request of a defendant when the judge, district attorney, or a court official, during the trial or argument, refers to another crime committed by the defendant as to which evidence would not be admissible. In the instant case, article 770 is inapplicable since a state witness is not a "court *551 official" for purposes of this article. State v. Perry, 420 So.2d 139 (La.1982), cert. denied, 461 U.S. 961, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983). Thus, LSA-C.Cr.P. art. 771 is the applicable article.
LSA-C.Cr.P. art. 771 provides discretionary grounds for a mistrial, as follows:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
(1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
After the initial reference by Ms. Sterling, the court admonished the jury to disregard it. However, defendant did not invoke his proper remedy by requesting the court to admonish the jury after the remark by Randall Parker. See State v. Hayes, 414 So.2d 717, 721 (La.1982).
Moreover, to trigger the need for an admonition, the remark must refer to a crime alleged to have been committed by the defendant. Neither of the challenged comments is an unambiguous reference to crimes alleged to have been so committed. Id. For these reasons, the trial judge did not err when he denied defendant's motion for mistrial. These assignments of error have no merit.

OBJECTION TO DEFENSE CROSS-EXAMINATION
In this assignment of error, defendant urges that the trial court erred by sustaining the state's objection during his cross-examination of Randall Parker. The state objected after defendant asked Parker if Tonya Sterling regularly sold drugs. Defendant claims the court's refusal to permit this question resulted in the denial of his right of confrontation.
During his cross-examination of Tonya Sterling, defendant was permitted to inquire into her history of arrests, including two charges for distribution of narcotics, without objection by the state. Defendant specifically asked whether or not she carried a gun because she regularly dealt drugs and was afraid for her own safety and whether or not her gun discharged as she attempted to break up the fight between defendant and Parker. She responded by denying his accusations.
Thereafter, during cross-examination of Parker, defendant asked whether or not Ms. Sterling regularly carried a weapon to protect herself. Parker responded that he had never known her to carry a weapon. Defendant then asked whether or not she regularly sold drugs; and the state objected to the relevancy of the question.
Defendant now claims that he was attempting to show that Sterling was biased because she did not want to be arrested for carrying or discharging a firearm and, thus, could not admit that she pulled the weapon in an attempt to separate the combatants. Further, he claims Parker was biased because he did not want to incriminate Ms. Sterling further by admitting she carried a weapon at a time when there were charges pending against her.
LSA-R.S. 15:492 provides that, when the purpose is to show that in the special case on trial, the witness is biased, has an interest, or has been corrupted, he may be questioned as to any particular fact showing or tending to show such bias, interest or corruption; and, unless he distinctly admit such fact, any other witness may be examined to establish the same. However, the bias of a witness which may be shown must be directed to or personal against the defendant, rather than indirect *552 or general in nature. State v. Raymond, 447 So.2d 51 (La.App. 1st Cir.), cert. denied, 449 So.2d 1347 (La.1984). From the content of defendant's questions, it is clear that he did not actually attempt to show bias against the defendant through the question about Ms. Sterling's activities. Moreover, although defendant possibly intended to argue Ms. Sterling was interested in the verdict for her own protection, defendant was apparently trying to attack her general credibility. In light of Ms. Sterling's previous denial of defendant's allegations and of Mr. Parker's denial of any knowledge that Ms. Sterling carried a firearm, whether or not she regularly dealt drugs was not relevant to show such interest but was, instead, a collateral issue about which evidence was not admissible. LSA-R.S. 15:494. See also State v. Ditcharo, 452 So.2d 1201 (La.App. 5th Cir.), writ not considered, 456 So.2d 162 (La. 1984). This assignment of error has no merit.
For the reasons assigned, the conviction and sentence of defendant are affirmed.
AFFIRMED.