CRAIN, Judge.
Chris J. Ellender was charged by bill of information with simple kidnapping, in violation of La.R.S. 14:45. He was tried by a jury, which convicted him as charged. The trial court imposed a sentence of five years at hard labor, with credit for time served. Defendant appealed, urging six assignments of error. Assignment of error number two was not briefed on appeal and, therefore, is considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.4.
FACTS
Defendant was charged with the simple kidnapping of Lillie Folse, who was the cashier at a convenience store in Schriever, Louisiana. Defendant was an occasional patron of the store. He entered Ms. Folse’s car while it was parked in the store’s parking lot during her work-shift and hid in the back seat. The victim left work at approximately 11:30 p.m. As she backed up in the parking lot, she saw defendant and stopped the car. Defendant then jumped up and grabbed her around the neck. He stuck one of his hands, wrapped in cloth, in her ribs and told her, “I have a gun. I’m going to shoot you if you don’t bring me where I want to go.” Defendant then grabbed and injured the victim’s hand.
The victim felt defendant’s hand and determined that he actually was not holding a gun. She told him that she knew he was unarmed and that she recognized him. Defendant told her to take him to his friend’s *1193 house in Schriever; and she refused, ordering him from her car. When he refused to leave, she eventually told him that she would take him to his friend’s home. However, she attempted to drive him to the police station in Thibodaux. When defendant realized that she was not taking him to Schriever, he asked where she was taking him. He jumped from the car when she told him that she was driving to the police station. The victim then drove to a pay phone and called the police. She was able to give defendant’s first name to the investigating officer, and also provide the name of the street on which he lived. After discussing the incident with a co-worker, she was able to recall defendant’s entire name.
Defendant was subsequently arrested for the offense. After his arrest, he gave a statement in which he admitted that he hid in the car and asked the victim for a ride to Schriever when she saw him. He claimed that she told him she could not take him to Schriever, but she invited him into the front seat as she drove away. When she told him she was driving to the Thibodaux police station, he jumped out of the car and ran into the woods.
DENIAL OF MOTION TO QUASH
In assignment of error number one, defendant contends the trial court erred by denying his motion to strike the first jury panel. Defendant claims that he was prejudiced because one of the jurors stated during voir dire that she might believe that defendant had been convicted of a prior offense if he failed to take the stand.
During the voir dire, defense counsel questioned the jurors whether or not they would feel the need to hear the defendant’s side. One of the jurors, Virginia Bennett, replied as follows:
Well, my feeling is that the reason they don’t testify is that they wouldn’t make a good witness for themselves because they are not believable and they may have committed another crime that this opens the door to that we won’t be privy to, but if he takes the stand—
The court then interrupted and indicated that the subject should be changed. Defense counsel requested a bench conference; and, following that conference, he attempted to clarify Ms. Bennett’s opinion by restating her testimony that she would be predisposed to believe that an accused who did not take the stand would have some reason not to. When counsel attempted to continue that discussion, the court instructed him to change the subject with that witness. After a second bench conference, defense counsel changed the subject. The court later discharged Ms. Bennett on its own motion.
At the time this incident occurred, defense counsel made no objection on the record. After the trial had begun and the victim had testified, counsel noted for the record that he had wanted to move to strike the entire first panel because of the “taint” caused by Ms. Bennett’s comments. It is not possible for this Court to determine whether or not counsel actually made such a motion off the record. However, it is clear that, during the bench discussions, counsel had notified the court of his objection to proceeding with that panel.
Initially, we note that this Court ordinarily will not consider alleged errors which are not of record. It is unnecessary and inappropriate for us to attempt to reconstruct motions and the rulings thereon which occurred during a bench conference. Herein, the failure of the record to reflect whether or not defendant objected to the continuance of the voir dire with the panel members who heard Ms. Bennett’s comments, and the action taken by the trial court in response thereto, is entirely attributable to defendant, who should have made his motion on the record. However, because of the special circumstances involved herein, in this instance we elect to consider defendant’s motion as though it were properly preserved.
Defendant argues only that Ms. Bennett’s remarks required a mandatory mistrial under the provisions of La.C.Cr.P. art. 770, as the reference by a court official to another crime alleged to have been committed by the accused. He claims that the *1194 comments of a prospective juror should be viewed under the same standard.
Even assuming that defendant’s motion to strike the first panel would be equivalent to a request for a mistrial, mistrial is a drastic remedy and is to be sparingly granted and is only authorized in specified instances where unnecessary prejudice results to an accused. State v. Hutto, 349 So.2d 318, 320 (La.1977). It is not merely the reference to “another crime” which evokes the protection of Article 770; the reference must be to another crime “committed or alleged to have been committed by the defendant as to which evidence is not admissible.” La.C.Cr.P. art. 770(2). Herein, Ms. Bennett’s comment that, if defendant did not take the stand, she might wonder whether or not he had been convicted previously of another offense is not an unambiguous reference to another offense. See State v. Hayes, 414 So.2d 717, 721-722 (La.1982); State v. Newman, 515 So.2d 548, 551 (La.App. 1st Cir.1987). Although Ms. Bennett’s candid response may have provided a justifiable basis for the exercise of a challenge for cause, it did not warrant the declaration of a mistrial. State v. Hutto, 349 So.2d at 320. Moreover, we find no showing that the entire panel was tainted by Ms. Bennett’s comments; and, accordingly, we find no error in the court’s failure to dismiss the panel.
SUFFICIENCY OF THE EVIDENCE
By means of assignment of error three and four, defendant submits that the evidence was not sufficient to sustain the verdict. Defendant’s entire argument on that issue is as follows:
After a review of all the evidence brought out at trial as reflected by a review of the entire transcript, no reasonable trier of fact could have failed to find a reasonable doubt as to the accused’s guilt.
Simple kidnapping includes the intentional and forcible seizing and carrying of any person from one place to another without his consent. La.R.S. 14:45A(1). Herein, the state established through the victim’s testimony that defendant hid in the victim’s car until she attempted to drive away, at which point he repeatedly threatened her in order to force her to drive him to a destination of his choosing. During the incident, he injured the victim’s hand to the extent that she was required to seek medical attention. Although defendant apparently contended during the trial that the offense was not kidnapping either because the victim drove the car, as opposed to the perpetrator, or because the victim lost her fear of the perpetrator and tried to drive him to the police station, we find the testimony of the victim clearly establishes the elements of simple kidnapping. These assignments of error have no merit.
DENIAL OF MOTION FOR NEW TRIAL
In assignment of error number five, defendant submits that his motion for a new trial should have been granted because he did not receive a fair trial. Defendant’s argument apparently is based on his claims that the court erred by failing to strike the jury panel and that the evidence is not sufficient. Having found no merit to defendant’s claims, we find no error in the court’s denial of a new trial based on these grounds.
EXCESSIVE SENTENCE
In assignment of error number six, defendant contends that the trial court imposed an excessive sentence. Defendant received a term of five years at hard labor, the maximum sentence statutorily authorized. He urges no manner in which the sentence was excessive, nor does he allege that the trial court failed to consider mitigating information or gave inappropriate weight to information militating incarceration.
The trial court has wide discretion in the imposition of a sentence. Given compliance with the sentencing criteria of La. C.Cr.P. art. 894.1, a sentence within statutory limits will not be set aside absent an abuse of that discretion. State v. Wardlow, 448 So.2d 257, 259 (La.App. 1st Cir.1984). Herein, defendant initially waived sentencing delays and elected to be sen *1195 tenced on the date of the conviction. At that time, the trial court noted that defendant previously had been convicted of at least two prior felonies, theft and simple burglary; and he was on parole at the time the instant offense was committed. The court found that an undue risk existed that defendant might commit another offense if he were given a suspended sentence, that defendant was in need of correctional treatment that could be most effectively provided by his commitment to an institution, and that a lesser sentence would deprecate the seriousness of the offense. We find no abuse of discretion.
CONVICTION AND SENTENCE AFFIRMED.