621 So.2d 1108 (1993)
STATE of Louisiana
v.
Michael Jerard NEVERS.
Nos. 91 KA 1890, 91 KA 1891.
Court of Appeal of Louisiana, First Circuit.
January 20, 1993.
*1110 Stephen P. Callahan, Asst. Dist. Atty., Houma, for plaintiff and appelleeState of LA.
Romona Wallis, Indigent Defenders Office, Houma, for defendant and appellant Michael Jerard Nevers.
Before LOTTINGER, C.J., FOIL, J., and COVINGTON[*], J. Pro Tem.
LOTTINGER, Chief Judge.
The defendant, Michael Jerard Nevers, was charged by bill of information with two counts of distribution of cocaine, La. R.S. 40:967 A(1), and one count of obstruction of justice, La.R.S. 14:130.1. The defendant pleaded not guilty. Immediately before trial, Count 3 (obstruction of justice) was nol-prossed. After trial by jury, the defendant was found guilty as charged on Count 1. The defendant was not tried on Count 2, and the record gives no indication as to the status or disposition of this charge. Initially, the defendant received a sentence of ten years at hard labor. Thereafter, the State filed a habitual offender bill of information and, after a hearing, the defendant was adjudicated a fourth felony habitual offender. The original sentence was vacated; and the defendant received a sentence of thirty-five years at hard labor, with credit for time served. The defendant has appealed, alleging nine assignments of error, as follows:
1. The trial court erred in denying the defendant's Rule to Release.
2. The trial court erred in denying the defendant's challenge for cause of the first voir dire panel.
3. The trial court erred in denying the defendant's challenge for cause of the second voir dire panel.
4. The trial court erred in permitting the State's representative, Agent Patrick Babin, to remain in the courtroom during the trial.
5. The trial court erred in denying the defendant's motion for a mistrial.
6. The trial court erred in denying the defendant's objection to the prosecutor's questioning of the defendant's sister regarding the defendant's age.
7. The trial court erred in denying the defendant's motions for new trial and post verdict judgment of acquittal.
8. The trial court erred in adjudicating the defendant a fourth felony habitual offender.
9. The trial court erred in imposing an excessive sentence.
Assignments of error numbers 1 and 6 were not briefed on appeal and, therefore, are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

FACTS
In June of 1990, Travis Prudhomme of the Allen Parish Sheriff's Department was working as an undercover narcotics agent in conjunction with the Terrebonne Parish Narcotics Strike Force (TPNSF). At approximately 6:10 p.m. on June 22, 1990, Agent Prudhomme and an unidentified confidential informant met the defendant, who sold to Prudhomme two small plastic bags of cocaine for $40.00. This transaction occurred at the residence of Michael Penson in the 1100 block of Daspit Street in Houma, Louisiana. Agent Prudhomme was wearing an audio transmitter, and this drug transaction was monitored by TPNSF Agents Patrick Babin and Terry Legendre. However, Babin and Legendre were located approximately two streets away and could not see the transaction.
*1111 After the transaction, Agent Prudhomme informed Babin and Legendre that the person who sold the cocaine was the defendant, and he described the defendant's clothing as dark blue pants, a light blue shirt, and a maroon or burgundy cap. At 6:24 p.m., Agent Prudhomme gave the cocaine to Babin and Legendre. Minutes later, Agents Babin and Legendre drove by 1100 Daspit Street to confirm the defendant's identity, but his vehicle was gone. At 6:45 p.m., they drove by the defendant's residence on Bryant Street. Both Babin and Legendre, who knew the defendant before the instant transaction occurred, observed the defendant at this location. He was wearing dark blue pants, a light blue shirt, and a burgundy cap. The defendant subsequently was arrested. The white powder substance sold to Agent Prudhomme later was determined to contain cocaine.
At the trial, Agent Prudhomme recounted the details of this drug transaction. He identified the defendant as the person who sold him cocaine and specifically testified that he had met the defendant prior to the date of this drug transaction. Agents Babin and Legendre explained their respective roles in this drug transaction, and both men testified that the clothing description of the defendant given by Agent Prudhomme matched what the defendant was wearing when they observed him outside his residence approximately thirty minutes after the transaction had occurred.
The defense presented a theory of mistaken identification. The defendant did not testify. However, the defendant's sister, Laurie Washington, testified that the defendant was asleep at her residence on Bryant Street during the evening hours of June 22, 1990. Ms. Washington testified that she was also sleeping during this period of time. However, when she awoke during the local evening news, she observed the defendant sleeping. She went back to sleep. When she awoke at approximately 10:00 p.m. that evening, the defendant was getting out of bed and left shortly thereafter.

ASSIGNMENTS OF ERROR NOS. TWO AND THREE
In assignment of error number two, the defendant contends that the trial court erred in denying his challenge for cause of the first voir dire panel of prospective jurors. In assignment of error number three, the defendant contends that the trial court erred in denying his challenge for cause of the second voir dire panel of prospective jurors. Both assignments of error relate to allegedly prejudicial remarks made by a prospective juror on each panel.
During voir dire examination of the first panel of prospective jurors, the following colloquy occurred:
THE COURT: Are any of you acquainted with the Defendant, who's seated at the table nearest you with his attorney? He's the gentleman with the striped shirt?
MS. THOMPSON INDICATES YES.
EXAMINATION OF MS. CHARLOTTE THOMPSON BY THE COURT:
Q Ma'am? You said you knew him.
A I was raised over [sic] Michael. I know Michael real good. I know his family.
Q Your name, please?
A Charlotte Thompson.
Q Let me ask you this, ma'am, how often have you seen him, let's say, in the past six months?
A Well, from the last time I knowthe last time that I seen, [sic] Mike had been to prison and I hadn't seen him since then.
When examination of this panel was completed, defense counsel requested a challenge for cause of the entire panel because of the remark made by Ms. Thompson indicating that the defendant had been to prison. While defense counsel admitted that the remark was inadvertent, she argued that the panel had been tainted with information concerning another crime which the defendant may have committed. The prosecutor responded that some people are arrested, go to jail, and are released from jail without ever having been convicted of a crime and, therefore, Ms. Thompson's remark *1112 did not necessarily lead to a conclusion that the defendant had committed another crime. The trial court agreed with the prosecutor and noted that Ms. Thompson's remark did not reference a specific time frame. Thereafter, the trial court denied this challenge for cause of the entire jury panel. Subsequently, Ms. Thompson was challenged for cause and the trial court granted this challenge.
During voir dire examination of the second panel of prospective jurors, the following colloquy occurred:
THE COURT: Any of you know Mr. Nevers.
EXAMINATION OF LEONARD L. LIVAS BY THE COURT:
Q Your name, please?
A Leonard Livas.
Q Mr. Livas, howlet me finishMr. Nevers is seated at the table nearest you, this gentleman in the stripped [sic] shirt.
A Yeah ..
Q Mr. Livas, how well do you know him? Would you describe him as an acquaintance, a friend or a close friend if you had to characterize him?
A Real close friend. We used to play together and everything.
Q How about lately, do you see him now?
A I didn't see him, you know, from the last time he went to prison last time.
When examination of this second panel was completed, defense counsel again requested a challenge for cause of the entire panel because of the remark made by Mr. Livas indicating that the defendant had been to prison. The prosecutor referred to his previous argument made during the first such motion, and the trial court again denied this challenge for cause of the entire jury panel. Thereafter, Mr. Livas was challenged for cause and the trial court granted this challenge.
In his brief to this Court, the defendant does not refer to La.Code Crim.P. arts. 795, et seq., the code articles for cause and peremptory challenges. Instead, he cites La.Code Crim.P. arts. 770, 771, and 775, the code articles dealing with mistrial. Even assuming that defense counsel's motions to challenge both jury panels for cause were equivalent to requests for a mistrial, we note that mistrial is a drastic remedy, is to be sparingly granted, and is only authorized in specified instances where unnecessary prejudice results to an accused. State v. Ellender, 583 So.2d 1191, 1194 (La.App. 1st Cir.), writ denied, 585 So.2d 576 (La.1991). Furthermore, we agree with the conclusions of the prosecutor and the trial court that these remarks by Ms. Thompson and Mr. Livas were capable of various interpretations and, therefore, neither remark constituted an unambiguous reference to another offense. Id. at 1194. Accordingly, we find no showing that either panel was tainted by the above referenced remarks and, therefore, we find no error in the trial court's rulings denying these challenges for cause of both jury panels.
These assignments of error are meritless.

ASSIGNMENT OF ERROR NO. FOUR
In this assignment of error, the defendant contends that the trial court erred in permitting Agent Patrick Babin to be exempted from sequestration as the State's representative.
The purpose of sequestration is to assure that a witness will testify as to his own knowledge of the events, to prevent the testimony of one witness from influencing the testimony of others, and to strengthen the role of cross-examination in developing facts. State v. Revere, 572 So.2d 117, 125 (La.App. 1st Cir.1990), writ denied, 581 So.2d 703 (La.1991). The resolution of sequestration problems is within the sound discretion of the trial court. State v. Ondek, 584 So.2d 282, 298 (La. App. 1st Cir.), writ denied, 586 So.2d 539 (La.1991). On appeal, the reviewing court will look at the facts of each case to determine whether or not a sequestration violation resulted in prejudice to the accused. State v. Lopez, 562 So.2d 1064, 1066 (La. App. 1st Cir.1990).
*1113 Louisiana Code of Evidence Article 615 provides, in pertinent part:
A. As a matter of right; exceptions. On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion. However, this Article does not authorize exclusion of:
* * * * * *
(2) A single officer or single employee of a party which is not a natural person designated as its representative or case agent by its attorney; ...
When the prosecutor announced his intention to designate Agent Babin as the State's representative or case agent, the defendant entered the following objection: "Your Honor, I would object to Agent Babin being present prior to his testimony being given." The prosecutor responded that the Code of Evidence allowed designation of a case agent, and the trial court overruled the objection. Generally, the problem of exempting a witness as the State's representative is the potential danger that his testimony might be influenced by listening to the testimony of the other witnesses. See State v. Lopez. In the instant case, the State failed to follow the suggestion in Comment (d) to Article 615,[1] and State v. Lopez, by not having Agent Babin testify as the first witness. Agent Babin testified as the second witness, after having listened to the testimony of the State's key witness, Agent Prudhomme. The most significant aspect of Agent Babin's testimony related to the identification of the defendant as the perpetrator of the instant offense. Because Agent Babin did not see the drug transaction take place, his testimony on this issue was limited to the circumstantial evidence that, approximately thirty minutes after this drug transaction occurred, he observed the defendant wearing the same clothes as described by Agent Prudhomme. Since Agent Babin was inside the courtroom during Agent Prudhomme's testimony, it is possible that Agent Babin's testimony regarding this clothing description of the perpetrator could have been influenced by Agent Prudhomme's testimony. However, this fact does not negate or diminish the positive identification testimony given by Agent Prudhomme. Furthermore, Agent Legendre, who was properly sequestered, also testified that, approximately thirty minutes after this drug transaction occurred, he observed the defendant wearing the same clothes as described by Agent Prudhomme. Under these circumstances, any error in allowing Agent Babin to testify as the State's second witness, after listening to the testimony of Agent Prudhomme, was harmless beyond a reasonable doubt. See La.Code Crim.P. art. 921; State v. Revere, 572 So.2d at 127. See also State v. Johnson, 604 So.2d 685, 689-691 (La.App. 1st Cir.1992).
Prior to the conclusion of the State's case in chief, Agent Babin was recalled *1114 to the stand to identify the envelope containing the two plastic bags of cocaine which he had received from Agent Prudhomme. At this point, he had listened to the testimony of all of the other State witnesses. Nevertheless, the defendant did not contest the fact that a drug transaction occurred, that the white powder substance sold to Agent Prudhomme contained cocaine, or that this cocaine was the same as that contained in State Exhibits 5 and 6. Therefore, any error in recalling Agent Babin to the stand to identify the two plastic bags of cocaine which he received from Agent Prudhomme could not possibly have prejudiced the defendant and, therefore, was harmless beyond a reasonable doubt. See La.Code Crim.P. art. 921; State v. Revere, 572 So.2d at 127. See also State v. Johnson, 604 So.2d at 689-691.
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. FIVE
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial.
During defense counsel's cross-examination of Agent Prudhomme, the following colloquy occurred:
Q You remember during what time period, the month and a half time period, when was that, when you worked in internal affairs?
A I don't remember.
Q Do you recall how many cases during that month and a half time period you worked on?
A No, ma'am, I don't know how many cases I worked on.
Q And other than the CI and Mr. Nevers, do you recall if any other person was present?
A Not at the time.
Q Other than the description of Mr. Nevers as, I think, the person that sold you the cocaine had on a blue shirt and baggy pants, did you give any other description of that person such as height, weight, complexion?
A Yes, ma'am, I gave that over the body wire. And then after I told him, he had also told me that he had just got out of the "pen" a couple of weeks prior. [Defense Counsel]: Objection, Your Honor.
THE COURT: The jury will disregard that last statement. It has nothing to do with the matter at hand. Go ahead.
At the conclusion of Agent Prudhomme's testimony, defense counsel requested a mistrial based on Agent Prudhomme's response that the defendant stated he had just been released from the "pen." After considering the arguments of defense counsel and the prosecutor, the trial court called a brief recess to research the matter. When the trial resumed, the trial court denied the motion for a mistrial, explaining that in its discretion an admonition to the jury to disregard the remark would be sufficient. Thereafter, the trial court admonished the jury as follows:
THE COURT: Ladies and gentlemen, before the next witness comes up to testify, I instruct you to disregard the testimony of Officer Prudhomme with reference to the comments allegedly made to him by Mr. Nevers relative to the penitentiary. That is to some extent hearsay and is not relevant in any manner to what we have to consider today. I therefore instruct you to disregard it entirely. Call your next witness, sir.
La.Code Crim.P. art. 770(2) provides for a mandatory mistrial when a remark is made by the judge, the district attorney, or a court official within the hearing of the jury and such remark refers to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. State v. Dietrich, 567 So.2d 623, 634 (La.App. 1st Cir.), writ denied, 568 So.2d 1079 (La.1990). However, such a remark by a witness does not require a mistrial if the court is satisfied that an admonition to the jury is sufficient to assure the defendant of a fair trial. La.Code Crim.P. art. 771; State v. Odds, 430 So.2d 1269, 1272 (La.App. 1st Cir.1983). A police officer is not a court official within the meaning of La.Code Crim.P. art. 770. *1115 State v. Thompson, 597 So.2d 43, 46 (La. App. 1st Cir.), writ denied, 600 So.2d 661 (La.1992). Nevertheless, a prejudicial remark by an experienced police officer should be viewed with considerable concern as to the fairness of the trial and may require the granting of a mistrial, especially if the remark was precipitated by or should have been anticipated by the district attorney. The decision as to the necessity of granting a mistrial under these circumstances is left to the sound discretion of the trial court. State v. Douglas, 389 So.2d 1263, 1266 (La.1980).
La.Code Crim.P. art. 771 provides for a discretionary mistrial, as follows:
In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
A mistrial under the provisions of La.Code Crim.P. art. 771 is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. State v. Thompson, 597 So.2d at 46.
In his brief to this Court, the defendant states: "In the case at bar, it is submitted that Officer Prudhomme's (sic) remark was known or should have been known by the District Attorney." We disagree. Considering the particular question propounded by defense counsel which triggered Agent Prudhomme's impermissible reference to the defendant's release from the "pen," there can be no doubt that this remark was unsolicited and could not possibly have been anticipated by the prosecutor. The key issue in this case was the defendant's identity as the perpetrator of this drug transaction. During cross-examination, defense counsel was testing Agent Prudhomme's recollection of this drug transaction and also asked if Agent Prudhomme could recall how many other cases in which he participated while on special assignment in Terrebonne Parish. Obviously, the undercurrent of this line of questioning was that Agent Prudhomme might have confused the details of this particular drug transaction and/or confused the identity of the true perpetrator. This response that the defendant informed Agent Prudhomme of his recent release from the "pen" was an obvious attempt by Agent Prudhomme to prove that he had correctly identified the defendant as the perpetrator of the instant drug transaction because he recalled this particular statement made by the defendant during that transaction. While this remark was improper, we do not consider it a deliberate attempt by Agent Prudhomme to unfairly prejudice the defendant. Furthermore, this reference to the defendant's release from the "pen" was not an unambiguous reference to a particular crime committed or alleged to have been committed by the defendant. See State v. Newman, 515 So.2d 548, 549-551 (La.App. 1st Cir.1987), writ denied, 581 So.2d 681 (La.1991). The trial court decided that an admonition to the jury to disregard this remark was sufficient. Considering all of the above, we find no indication that the defendant was unable to obtain a fair trial because of this remark. Accordingly, we find no abuse of discretion in the trial court's ruling denying the defendant's motion for a mistrial.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. SEVEN
In this assignment of error, the defendant contends that the trial court erred in *1116 denying his motions for new trial and post-verdict judgment of acquittal. In his brief to this Court, in support of his assertion that the trial court should have granted a new trial, the defendant cites all of the arguments relating to the previous assignments of error. Having found no merit in those assignments of error, we likewise find no merit to the defendant's cumulation of errors argument.
The defendant also contends that the trial court erred in denying his motion for post-verdict judgment of acquittal. Specifically, he contends that the evidence was insufficient to support his conviction.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime and the defendant's identity as the perpetrator of that crime beyond a reasonable doubt. See La.Code Crim.P. art. 821; State v. Johnson, 461 So.2d 673, 674 (La.App. 1st Cir.1984). The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review incorporated in Article 821 is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La.R.S. 15:438 provides that the fact finder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
In his brief to this Court, the defendant does not contest the fact that a drug transaction occurred. Instead, noting the alibi testimony of his sister, Laurie Washington, the defendant raises the issue of mistaken identity. Where the key issue is the defendant's identity as the perpetrator, rather than whether or not the crime was committed, the State is required to negate any reasonable probability of misidentification. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Positive identification by only one witness may be sufficient to support the defendant's conviction. State v. Royal, 527 So.2d 1083, 1086 (La.App. 1st Cir.), writ denied, 533 So.2d 15 (La.1988).
In the instant case, Agent Prudhomme identified the defendant in court as the person from whom he purchased cocaine during this particular drug transaction. He specifically testified that he had met the defendant prior to this drug transaction. Additionally, Agents Babin and Legendre testified that they observed the defendant outside his home approximately thirty minutes after this drug transaction occurred. The defendant was wearing the same clothes as those described by Agent Prudhomme. This direct and circumstantial evidence identifying the defendant as the perpetrator of this offense was sufficient to negate any reasonable probability of misidentification. To the extent that conflicting testimony was presented herein, the instant guilty verdict indicates that the jury accepted the testimony of the State's witnesses and rejected the alibi testimony of the defendant's sister. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d at 38. Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. Id., at 38.
After a careful review of the record, we believe that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the State proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant committed the offense of distribution of cocaine. Accordingly, the trial court correctly denied the defendant's motion for post-verdict judgment of acquittal.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. EIGHT
In this assignment of error, the defendant contends that the trial court erred in adjudicating him to be a fourth *1117 felony habitual offender. The defendant does not contest the proof of the three predicate felony convictions or his identification as the same person who committed these predicate convictions. Instead, he contends only that he should have been adjudged a second felony offender because the three predicate convictions were entered on the same date.
The defendant's three prior felony convictions all occurred in Terrebonne Parish. At the habitual offender hearing, the State introduced into evidence copies of the record in cases 155,714 (State Exhibit 2), 159,130 (State Exhibit 3), and 168,439 (State Exhibit 4). State Exhibit 2 contained a bill of information charging the defendant with an aggravated battery committed on July 3, 1985. State Exhibit 3 contained a bill of information charging the defendant with an attempted second degree murder committed on November 22, 1985. Finally, State Exhibit 4 contained a bill of information charging the defendant with an attempted second degree murder committed on March 15, 1987. A minute entry contained in State Exhibit 4 indicated that on September 8, 1987, the defendant pleaded guilty as charged to the aggravated battery in case number 155,714. On that same date, the defendant also entered two guilty pleas to amended charges of aggravated battery in cases 159,130 and 168,439. Thereafter, the defendant received three concurrent sentences of six years at hard labor for the three aggravated battery convictions; and his fingerprints were applied to each of the three bills of information.
Bill Null, the former Chief of Detectives of the Houma Police Department, was accepted by the trial court as an expert in fingerprint analysis. Mr. Null testified that he took a set of the defendant's fingerprints shortly before the habitual offender hearing began. These fingerprints were introduced into evidence as State Exhibit 1. Mr. Null compared these fingerprints to the fingerprints contained on the three bills of information in State Exhibits 2, 3, and 4, and concluded that they were identical.
After a review of the testimony and the documentary evidence introduced at the habitual offender hearing, we find that the State introduced sufficient proof of the defendant's habitual offender status. However, the defendant correctly notes that all three of his guilty pleas to aggravated battery, which formed the basis for his adjudication as a fourth felony habitual offender, were entered on the same date. An examination of the bills of information contained in State Exhibits 2, 3, and 4 indicates that the defendant committed three separate offenses against three different victims on three different dates. Nevertheless, since these three convictions were entered on the same date, they lacked the proper sequencing to constitute more than one offense for purposes of La.R.S. 15:529.1. See State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992) (on rehearing). Therefore, we conclude that the trial court incorrectly adjudicated the defendant to be a fourth felony habitual offender. Accordingly, the instant habitual offender adjudication and sentence are vacated, and the case is remanded with instructions that the trial court enter a judgment adjudicating the defendant to be a second felony habitual offender. Thereafter, the trial court shall resentence the defendant in accordance with LA.R.S. 15:529.1(A)(1).
Having found merit in this assignment of error, it is unnecessary to consider the defendant's excessive sentence argument raised in assignment of error number nine.
Therefore, the conviction is affirmed, the habitual offender adjudication and sentence is vacated, and this matter is remanded with instructions.
CONVICTION AFFIRMED, HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED, REMANDED WITH INSTRUCTIONS.
NOTES
[*] Judge Grover L. Covington, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court.
[1] Comment (d) to Article 615 provides, in pertinent part:

On the other hand, the exemption of representatives may, if mechanically applied, result in manifest unfairness such as by undermining the right to meaningful cross-examination. Nothing in this Article is intended to deprive the trial court of the power to sequester witnesses in such cases in the interests of justice. See C.Cr.P. Art. 17. Such a potentially prejudicial situation is presented, of course, in criminal cases when a law enforcement officer who is designated as the state's representative is expected also to testify as a fact witness. In such a situation the court should take appropriate measures to minimize the possibility of prejudice, such as permitting the case agent to be designated as the state's representative only if he testifies prior to all other fact witnesses.
Though comments to code articles are not the law, however, in some instances they do serve as meaningful guides and recommendations so as to avoid problems. This assignment of error is a case in point. If the State had followed Comment (d) to Article 615 and this Court's opinion in State v. Lopez, 562 So.2d 1064 (La. App. 1st Cir.1990), which interestingly came from the same parish as the case sub judice, the prosecution would have avoided this assignment of error as well as the possibility of a valid assignment of error.