J^FITZSIMMONS, J.
Defendant, Milton L. Livas, Jr. (Livas), was charged by bill of information with possession of cocaine, a violation of La. R.S. 40:967C. Defendant pled not guilty and, after a jury trial, was found guilty as charged. Defendant filed motions for new trial and post-verdict judgment of acquittal, which were denied. After the appropriate sentencing delays, the trial court sentenced defendant to three years at hard labor, to run concurrent with the sentences imposed in another criminal matter. He appealed.

FACTS

On the evening of March 16, 1999, Hou-ma Policeman Bobby O’Brien (O’Brien) stopped at a Time Saver in Terrebonne Parish. As he drove into the parking lot and up to the doors of the store, the officer noticed five people standing in front of the store talking and laughing. He observed defendant stop laughing and talking when the police car arrived, and then walk inside the convenience store. O’Brien’s attention was drawn to Livas, and the officer continued to watch defendant while exiting his police unit. Livas also looked back to see the officer. When O’Brien walked inside the store, another person from the group walked in front of him. Once inside, the officer went to the front section of the center aisle to maintain contact with the defendant, who was at the other end of the aisle, making a motion with his right hand and placing an object on one of the shelves. O’Brien, who was about ten or fifteen feet away, saw defendant walk to the coolers, obtain a drink and walk to the back of the third aisle. As the officer walked down the center aisle, he saw defendant walk to the front and place the drink on the counter near the cashier. However, defendant left the store with another man without buying the drink. The officer went to the shelves at the end of the center aisle and found four cellophane packages containing objects later determined to be crack cocaine. The officer seized the packages, showed them to the cashier, called for backup units, and left the store. As Officer O’Brien walked toward the street on the side of the store, he saw defendant walking back to the store. The officer engaged defendant in conversation and when backup units arrived, he placed defendant under arrest and advised him of his rights.
[ ¿CHALLENGES FOR CAUSE
In assignment of error number one, defendant contends that the trial court erred in denying his challenges for cause of prospective jurors Bonnie Jones and Gail Ber-geron. Defendant argues that neither of these prospective jurors could accept the law regarding the presumption of innocence and that neither was rehabilitated. The state argues that despite their initial *418 opinion about defendant’s guilt or innocence, these two jurors were rehabilitated. The state further contends that Ms. Jones repeatedly stated that she would listen to all the evidence and accept defendant’s right to presumption of innocence and that Ms. Bergeron accepted the state’s burden of proof.
An accused in a criminal case is constitutionally entitled to a full and complete voir dire examination and to the exercise of peremptory challenges. La. Const. Art. 1, Sec. 17. The purpose of voir dire examination is to determine prospective jurors’ qualifications by testing their competency and impartiality and discovering bases for the intelligent exercise of cause and peremptory challenges. State v. Burton, 464 So.2d 421, 425 (La.App. 1st Cir.), writ denied, 468 So.2d 570 (La.1985).
In 1988, La. C.C.P. art. 800 was amended to remove the requirement that a defendant exhaust all of his peremptory challenges before complaining of a ruling denying a challenge for cause. See 1983 La. Acts No. 181, § 1; State v. Lutcher, 94-0291, p. 6 (La.App. 1 Cir. 3/3/95), 652 So.2d 545, 548, writ denied, 95-0847 (La.11/13/95), 662 So.2d 464. However, if a defendant exhausts his peremptory challenges and establishes an erroneous denial of a defense challenge for cause, then prejudice is presumed, and there is reversible trial court error. State v. Ross, 623 So.2d 643, 644 (La.1993).
Louisiana Code of Criminal Procedure article 797 provides, in pertinent part:
The state or the defendant may challenge a juror for cause on the ground that:
[[Image here]]
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
[[Image here]]
L(4) The juror will not accept the law as given to him by the court;....
A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror’s responses as a whole reveal facts from which bias, prejudice, or inability to render judgment according to law may be reasonably implied. State v. Martin, 558 So.2d 654, 658 (La.App. 1st Cir.), writ denied, 564 So.2d 318 (La.1990). A trial judge is vested with discretion in ruling on challenges for cause, and only where it appears, upon review of the voir dire examination as a whole, that the judge’s exercise of that discretion has been arbitrary or unreasonable, resulting in prejudice to the accused, will this court reverse the ruling of the trial judge.
During the trial, the assistant district attorney was questioning prospective jurors and one prospective juror stated that he thought the criminalization of drugs created more crime and that drugs should be legalized. When the prosecutor asked if anyone else felt this way, one prospective juror indicated that she felt the opposite and that she would “probably think he’s guilty right off the bat.” Another prospective juror agreed that she thought the same. The two prospective jurors making these statements are not identified by name in the transcript, but, in his brief, defendant identifies these panel members as Bonnie Jones and Gail Bergeron. The assistant district attorney then questioned each panel member about his or her understanding of the presumption of inno *419 cence and ability to follow the law. Ms. Jones indicated that she understood that if the state did not present evidence of the crime, the verdict must be not guilty and that she could try to give defendant a fair trial. Ms. Jones also voluntarily stated that although defendant was young, she was against drugs. When asked whether she could not determine one’s guilt or innocence until she had heard the testimony, she responded that it was “more than likely” she could not make a determination as to guilt or innocence until she heard the testimony. When asked by the prosecutor if he could get a firm commitment from her that she would listen to the testimony, she answered, “yes, I will listen.” Ms. Jones agreed that she would not decide her verdict until she had listened to all the evidence and said she could be fair.
|BIn later questioning, when defense counsel and the judge asked the panel whether anyone had a problem with the presumption of innocence, no one responded affirmatively. When defense counsel inquired about defendant’s privilege against self-incrimination, Ms. Bergeron indicated that she thought that defendant had something to hide if he did not testify. Another unidentified prospective juror stated, “[I]t would be to his [defendant] advantage to speak up.” The judge then intervened and told the panel members that he would instruct them as to the law in the case, including the right of a defendant to remain silent and not testify. He then asked if there was anyone who could not follow that instruction of law. No one answered affirmatively. However, the transcript indicates that after the judge’s intercession, when the jurors were individually questioned by counsel, another unidentified prospective juror answered that he or she was sort of “with him on that because I feel like his point needs to be explained .. .we need to find out what’s really going on. I mean maybe he’s speaking through you but it would help us to make a decision too.” Defendant peremptorily challenged both prospective jurors and subsequently used all his peremptory challenges.
Defense counsel challenged Bonnie Jones for cause. Counsel argued that although there was an attempt to rehabilitate Ms. Jones, the prospective juror never answered unequivocally that she could accept and apply the law. Rather, she said that “more likely than not” she could render a verdict based upon the testimony. The prosecutor argued that Ms. Jones’ last response was that she could give the defendant a fair trial. The trial court denied the challenge for cause, reasoning that Ms. Jones’ responses indicated that she could and would follow the instructions of law given in the case.
While it appears that Ms. Jones did have strong feelings about the use and/or distribution of narcotics, her repeated responses indicated, as a whole, that she was willing to hear the evidence and law and decide the case accordingly. Also, she specifically indicated that she would render her verdict based upon the evidence and law. Thus, the trial court did not err in denying the challenge for cause as to Ms. Jones.
| ^Defense counsel also challenged Gail Bergeron and argued that she gave no positive affirmation that she could be fair and would accept defendant’s exercise of his right to remain silent. The prosecutor contended that when the court explained the law, neither Ms. Bergeron nor Ms. Jones had a problem applying the law and that each was adequately rehabilitated. The court denied the challenge as to Ms. Bergeron, saying that it was satisfied that she would follow the law given by the court, including the presumption of innocence and the right to remain silent.
*420 After a close review of the entire voir dire, we find reversible error in the trial court’s denial of the challenge for cause as to Ms. Bergeron. A review of her answers, as a whole, and her statement that defendant had something to hide if he did not testify reveal that Ms. Bergeron would not accept the law as given by the court. Also, the record does not reflect any attempt by the state to specifically rehabilitate Ms. Bergeron. Moreover, the judge’s general questions to the panel members as a group, regarding a defendant’s right against self-incrimination, did not constitute rehabilitation. Therefore, because there was an erroneous denial of a defense challenge for cause and defendant had exhausted his peremptory challenges, prejudice is presumed and reversible trial court error exists.

PREJUDICIAL REMARKS BY PROSPECTIVE JUROR

In assignment of error number two, defendant contends the trial court erred in denying his request to discharge the panel being questioned after an inadmissible reference to another crime, “skipping bail,” was made. Prospective juror Robert Rembert discussed his relationship to the defendant in the presence of the other prospective jurors. Counsel cites jurisprudence which he contends supports his argument that failure to appear in court is a crime. In assignment of error number three, defendant contends the trial court erred in its questioning of Mr. Rembert, resulting in additional inadmissible and prejudicial remarks. The damage done by Rembert’s reference to “skipping bail” was compounded.
The state argues that Mr. Rembert’s remarks did not result in any prejudice, that the remark was made by a prospective juror, not the judge, district attorney, or court official, and that it was not elicited by the district attorney. The state also 17argues that the authority cited by defendant concerns the crime of contempt of court, not “skipping bail.”
During voir dire examination, the trial court questioned the prospective jurors as to their general qualifications and background. The court then asked if anyone knew the defendant or the attorneys in the case. Mr. Robert Rembert, who was employed by A-l Bonding Company, answered that his company “bonded Mr. Li-vas [defendant] out of jail and he skipped court and we had to search for him, and he’s indebted to us ....” In response to the trial judge’s questions, Mr. Rembert indicated that defendant’s actions occurred in the instant case. The jury panel was removed. Out of the presence of the panel, defense counsel made a motion to have the jury panel discharged because Mr. Rembert’s comments had the “connotation of a prior bad act” which prejudiced the panel. The court asked if counsel questioned the truth of what was said by Mr. Rembert. Defense counsel answered “no,” but contended that this information put “a shadow... on the character of [the] defendant who is presumed innocent .... ” The court agreed to excuse Mr. Rembert for cause. However, in denying the motion to discharge the entire panel, the court found that defendant’s own action in “skipping bail” caused Mr. Rembert to search for him. The judge further stated that as far as he could tell, the prospective juror gave a truthful answer to a proper and legitimate question, that he would instruct the jury that they are to decide the case based upon the evidence in the case and that he trusted that the jury would follow those instructions. Reasoning that the panel was not tainted by the truthful response of Mr. Rembert to a proper question and that the responses related facts that “were largely of the defendant’s own makingf,]” the judge denied the motion. The jury *421 was returned to the courtroom and the judge excused Mr. Rembert due to his statement. Defendant used all his peremptory challenges to dismiss prospective jurors who were present during Mr. Rem-bert’s comments.
Defendant concedes that defense counsel did not actually ask for a mistrial based upon this alleged error until after the verdict was rendered, but argues that the motion to discharge the jury panel should be considered as a motion for mistrial. We |sagree that defense counsel’s objection and motion were sufficient to preserve the issue for appeal.[2]
Defendant cites State v. Robertson, 95-0645 (La.App. 1 Cir. 4/4/96), 672 So.2d 391, writ granted in part (on other grounds), 96-1048 (La.10/4/96), 680 So.2d 1165, for the proposition that “skipping bail” is a crime, and the reference to his failure to appear in court requires reversal of his conviction. In Robertson, the defendant argued that the trial court erred in failing to grant a motion for mistrial after the prosecutor’s impermissible reference to another crime in the opening statement. We stated at 95-0645, p. 10-11, 672 So.2d at 397:
In the instant case, the “other crime” that the State did not provide notice of was defendant’s failure to appear for his first trial; when that occurred, he was cited with contempt for which he served six months in jail. Because there was no notice of intent to introduce other crime evidence, there was no hearing at which the State could argue the value of the evidence and the reason for allowing the jury to hear it. Because defendant’s contempt crime does not fit under the statutory exceptions provided by LSA-C.E. art. 404 B(l), it is inadmissible evidence of another crime. In the instant case the charge against defendant was based on the testimony of one undercover police officer who testified he was certain he saw defendant toss a bag of cocaine from a moving pickup truck while driving. We agree with defense counsel that the lack of compliance with the [State v.] Prieur [277 So.2d 126 (1973)] requirements put her client in a position of having to rebut the other crime evidence and prejudiced him (FN3). See State v. Sanders, 93-0001, p. 14 (La.11/30/94); 648 So.2d 1272, 1284. Defense counsel told the court the reason defendant did not appear for his first trial was because he overheard a juror make a racist remark. Clearly, defense counsel had not planned to have defendant testify and explain his reasons for failure to appear to the jury. Although defendant did not testify, the lack of notice surprised defense counsel and affected her defense of her client. Therefore, we find it was reversible error for the trial court to deny defendant’s motion for a mistrial.
In State v. Nevers, 621 So.2d at 1112, we noted that a showing of unnecessary prejudice was required before we would reverse a trial court decision on a motion for mis *422 trial based upon remarks made by a prospective juror. Finding that neither panel was tainted by the remarks, we stated:
IflEven assuming that defense counsel’s motions to challenge both jury panels for cause were equivalent to requests for a mistrial, we note that mistrial is a drastic remedy, is to be sparingly granted, and is only authorized in specified instances where unnecessary prejudice results to an accused. State v. Ellender, 583 So.2d 1191, 1194 (La.App. 1st Cir.), writ denied, 585 So.2d 576 (La.1991). Furthermore, we agree with the conclusions of the prosecutor and the trial court that these remarks by Ms. Thompson and Mr. Livas were capable of various interpretations and, therefore, neither remark constituted an unambiguous reference to another offense. Id. at 1194.
Notwithstanding the existence of discretion by the trial judge, upon a showing of unnecessary prejudice, a reversal of a trial court’s decision is in order. In the instant case, although defendant was not found guilty of contempt of court or any other offense, a statute does exist providing for the offense of jumping bail. Louisiana Revised Statute 14:110.1A provides:
Jumping bail is the intentional failure to appear at such time and place as designated by the judge or committing magistrate who has fixed the amount of the bail bond. The fact that no loss shall result to any surety or bondsman is immaterial.
While there was no reference to a conviction, the statement by Mr. Rembert certainly was a reference to a crime or a bad act. Furthermore, from the comments, it was apparent that defendant’s act occurred in the instant case. When, throughout the voir dire, a judge demonstrates an awareness of the proper legal standard and the record as a whole does not reveal a substantial impairment of a prospective juror, a reviewing court should defer to the trial judge’s determination visa-vis a challenge for cause. State v. Lucky, 96-1687, p. 7 (La.4/13/99), 755 So.2d 845, 851, cert. denied, 529 U.S. 1023, 120 S.Ct. 1429,146 L.Ed.2d 319 (2000). In the matter before us, however, the judge was wrong in considering the truth of the statement as a basis for the court’s ruling. Regardless of whether the statement was true or false, or made in response to a proper question, or the court intended to instruct the jury on their duty to render a verdict based upon the evidence, Mr. Rem-bert’s comments were a reference to another crime or an act of misconduct. Moreover, we note that all of defendant’s peremptory challenges were used to dismiss prospective jurors who were present during Mr. Rembert’s comments.
Thus, we do not agree with the trial judge’s implications that the statement regarding other crimes was admissible and not prejudicial because the statement was truthful. Rather, in this instance, we find the statement was extremely |inprejudicial, particularly because any effect on the jury was never addressed by the court. Moreover, before ruling on the motion to discharge the panel, the court herein should have questioned the other members of the panel to ascertain the effect, if any, on them by Mr. Rembert’s statements, as did the court in State v. Connolly, 96-1680 (La.7/1/97), 700 So.2d 810. Given the panoply of circumstances at hand, we find the trial court improperly denied defendant’s motion to dismiss the entire jury panel or to grant a mistrial.
For the above reasons, this assignment of error has merit.

CONCLUSION

Our finding of reversible errors relating to the jury, relative to the court’s improper *423 denial of the challenge for cause and the prejudicial remarks by a prospective juror, precludes consideration of the remaining assignments of error asserted by Livas.[3] Accordingly, the defendant’s conviction and sentence are hereby reversed, and the matter is remanded for a new trial.
CONVICTION AND SENTENCE REVERSED AND REMANDED FOR A NEW TRIAL.
FOIL, J., dissents and would affirm the trial court.

. In State v. Nevers, 621 So.2d 1108, 1112 (La.App. 1st Cir.), writ denied, 617 So.2d 906 (La. 1993), the defendant contended the trial court erred in failing to dismiss two separate jury panels after alleged prejudicial remarks by a prospective juror on each panel. Both prospective jurors indicated they knew defendant and had not seen him since he had been in prison. Each time, defense counsel moved to challenge the entire panel for cause, and the trial court denied these challenges. Challenges for cause as to each of the individual prospective jurors making the remarks were granted. On appeal, defendant argued that challenges for cause as to the entire panels were motions for mistrial. Without deciding whether the motions to challenge both jury panels for cause were equivalent to requests for a mistrial, we addressed the alleged error of the trial court in not granting the motions.

. Livas also asserted that the prosecutor made a reference to inadmissible other crimes evidence; that the prosecutor improperly appealed to prejudice during closing argument; and that defendant received ineffective assistance of counsel.