JaWATKINS, Judge.
Defendant, Ray Robertson, was charged by bill of information with possession with intent to distribute cocaine, in violation of LSA-R.S. 40:967 A(l). He pled not guilty; after a jury trial, he was found guilty as charged. Subsequently, defendant was adjudicated a fourth felony habitual offender and sentenced to life imprisonment at hard labor, with credit for time served.
Defendant appeals,[2] urging 15 assignments of error. Error No. 13, that the trial court erred by failing to grant defendant’s motion for post verdict judgment of acquittal, is essentially a sufficiency of the evidence argument. In State v. Hearold, 603 So.2d 731, 734 (La.1992), the Louisiana Supreme Court explained the type of review to be used when issues are raised on appeal both as to sufficiency of the evidence and trial errors:
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accordance with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) in the light most favorable to the prosecution, could not reasonably conclude that all of the essential elements of the offense have been proved beyond a reasonable doubt. When the entirety of the evidence, including inadmissible evidence which was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion by the court of the trial error issues as to that *394 crime would be pure dicta since those issues are moot.
On the other hand, when the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must then consider the assignments of trial error to determine whether the accused is entitled to a new trial. If the reviewing court determines there has jabeen trial error (which was not harmless) in cases in which the entirety of the evidence was sufficient to support the conviction, then the accused must receive a new trial, but is not entitled to an acquittal even though the admissible evidence, considered alone, was insufficient. Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988). [Footnote omitted.]
Accordingly, we proceed first to determine whether the entirety of the evidence, both admissible and inadmissible, was sufficient to support defendant’s conviction for possession with intent to distribute cocaine. We note that an examination of the record for sufficiency of the evidence can result in the accused’s being entitled to a reduction of the conviction to a judgment of guilty of a lesser and included offense. See State v. Hearold, 603 So.2d at 734, n. 1, citing LSA-C.Cr.P. art. 821 and State v. Byrd, 385 So.2d 248 (La.1980).
SUFFICIENCY OF THE EVIDENCE
On November 7, 1991, defendant was arrested after an investigator for the district attorney’s office assigned to a narcotics strike force saw him throw out of a vehicle window a cellophane bag of suspected cocaine. It was estimated at trial that the bag contained five to eight grams of crack cocaine. Defendant was charged with possession with intent to distribute cocaine.
In this assignment of error, defendant contends the trial court erred by failing to grant his motion for post verdict judgment of acquittal. In his brief defendant argues, “[N]o rational trier of fact could have found the defendant guilty beyond a reasonable doubt of these charges when the State failed to prove its case except by the introduction of faulty statements and evidence that was tainted because of lack of [Prieur] notice [and] offered solely for its highly prejudicial impact.”
The standard of review for the sufficiency of the evidence to uphold a conviction is whether or not, viewing the evidence Lin the light most favorable to the prosecution, a rational trier of fact could conclude that the State proved the essential elements of the crime beyond a reasonable doubt. See LSA-C.Cr.P. art. 821. The Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), standard of review, incorporated in Article 821, is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, LSA-R.S. 15:438 provides, the fact finder must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. McLean, 525 So.2d 1251, 1255 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988).
To support a conviction for the crime charged, the State had to prove beyond a reasonable doubt that the defendant: 1) possessed the controlled dangerous substance; and 2) had an intent to distribute the controlled dangerous substance.
The record reveals the following evidence was presented as proof of possession of cocaine.
Terrebonne Parish District Attorney’s Office Investigator Jerry Steward testified he was assigned to a narcotics strike force on November 7, 1991. He was working in a “reverse sting” operation in which police officers pose as drug dealers and sell crack cocaine or marijuana to people in a high narcotic trafficking area. During the evening of November 7, 1991, Steward was stationed near a Time Stop convenience store on the comer of Stovall and West Park Streets in Houma, Louisiana. He observed a light blue Mazda pickup truck drive into the parking lot of the store. Officer Steward stated he knew the vehicle and its owner and he knew that defendant, who was driving the track, was not its owner. While walking over to the driver of the track, Officer Steward took his badge out from under his shirt *395 and held it in plain view. When he reached the track, he identified himself as a police officer and asked the driver’s name. The driver, who was later identified as Ray Robertson, [5sped off. Officer Steward chased the vehicle on foot. While pursuing the vehicle, he saw defendant reach out of the passenger side of the track and toss a clear cellophane bag out of the vehicle. Officer Steward retrieved the bag and radioed other deputies, who were stationed at the end of the street, to intercept the vehicle. Officer Steward testified that when the vehicle entered the parking lot, there were two occupants in addition to defendant, one black male and one black female, but he was positive the person who threw out the bag was the defendant.
Louisiana State Police Crime Lab scientist Robert Desbordes was accepted as an expert in the field of Forensic Science of Controlled Dangerous Substances. He testified he tested the substance found in the bag, and it tested positive for cocaine.
One defense theory was that Officer Steward could not possibly have seen the defendant throw out the bag. The defense witnesses, who were members of defense counsel’s family, testified they participated in a re-creation of the events which Officer Steward said led him to see defendant drop the bag.
As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. State v. Richardson, 459 So.2d 31, 38 (La.App. 1st Cir.1984). Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Richardson, 459 So.2d at 38. A determination of the weight to be given is a question of fact for the trier of fact, not subject to appellate review. State v. Payne, 540 So.2d 520, 524 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989). In the instant case, the jury must have believed the testimony of the State’s witnesses. After a careful review of the record, we find that there was sufficient evidence to support the conclusion that defendant possessed the cocaine.
RWe next turn our attention to whether or not the State presented sufficient evidence of intent to distribute the cocaine. In State v. House, 325 So.2d 222 (La.1975), the Louisiana Supreme Court discussed some of the factors to be used in determining whether circumstantial evidence is sufficient to prove intent to distribute a controlled dangerous substance. These factors are: 1) whether the defendant ever distributed or attempted to distribute the drug; 2) whether the drug was in a form usually associated with possession for distribution to others; 3) whether the amount of the drug created an inference of an intent to distribute; 4) whether expert or other testimony established that the amount of the drug found in the defendant’s possession is inconsistent with personal use only; and 5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
In the instant case, there was no evidence that the defendant distributed or attempted to distribute the cocaine he possessed the night of his arrest or that he had distributed controlled dangerous substances in the past. Nor was there any paraphernalia seized in connection with his arrest. Although the crack cocaine was in $10.00 and $20.00 rocks, a form suitable for distribution, the evidence that the amount was sufficient to prove intent to distribute was equivocal and inconclusive.
The chief investigator for the District Attorney’s Office, Louis Hyatt, testified he was the commander of the strike force on November 6, 1991. He was accepted as an expert in the manufacture, use and distribution of narcotics, specifically cocaine. Officer Hyatt stated people usually do not buy large amounts of cocaine for personal use but for distribution. He estimated the bag thrown out by defendant contained five to eight grams of crack cocaine. He further testified that there are ten $20.00 rocks in a gram, which would result in the defendant’s bag containing between 50 and 80 of the larger 17rocks. In Officer Hyatt’s opinion, anyone with five rocks or more of crack cocaine would be planning to distribute it.
*396 Despite his opinion that the crack cocaine found in defendant’s possession was of sufficient quantity to indicate intent to distribute, Officer Hyatt did not testify that possession of that number of rocks was inconsistent with personal use only. Nor did he give any testimony that the amount was inconsistent with personal use by the three persons originally occupying the pickup truck.
In State v. Hearold, 603 So.2d at 735, the Louisiana Supreme Court stated that mere possession of a drug does not amount to evidence of intent to distribute unless that quantity is so large that no other inference is possible. In Hearold, there were two persons in the vehicle when the defendant was arrested, and the court held that a rational trier of fact could not have concluded beyond a reasonable doubt, solely on the evidence pertaining to the amount of the methamphetamine found in a single bag, that the defendant was guilty of the “intent to distribute” element of the crime. Id. at 736. However, Hearold was not acquitted because evidence of prior drug distribution, if admissible and when considered with the other evidence pertaining to the amount of drugs found in the bag, could have provided a basis for a rational trier of fact to conclude beyond a reasonable doubt that he intended to distribute the methamphetamine in his possession in accordance with his longstanding drug dealing operation.
In the instant case, there were no circumstances indicating defendant intended to distribute the five to eight grams of crack cocaine. There was only one package, rather than several smaller packages; there were no baggies in which to package smaller amounts. There were three persons in the vehicle who could have shared the rocks among themselves. Nor were any weapons or large sums of cash, items commonly seized in drug distribution arrests, found on defendant’s person or in the car. |8The instant case is clearly different from other cases in which the amount possessed was inconsistent with personal use. Compare, State v. Trahan, 425 So.2d 1222 (La.1983), in which there was enough marijuana for 1,600 cigarettes, along with drug paraphernalia.
Accordingly, we hold that the evidence of intent to distribute cocaine was insufficient to support a conviction by a rational trier of fact. According to State v. Byrd, supra, our conclusion of insufficient evidence to support a conviction of possession with intent to distribute cocaine entitles defendant to a reduction to the lesser and responsive crime of simple possession. However, our disposition of defendant’s assignment of error No. 7 alters the final outcome of our remand of the' case.
GROUNDS FOR MISTRIAL
In assignment of error No. 7, defendant contends the trial court erred by failing to grant a mistrial when, during his opening statement, the prosecutor made an impermissible reference to evidence of another crime. Specifically, defendant complains the State did not give him notice as required under State v. Prieur, 277 So.2d 126 (La.1973), and, therefore, he suffered prejudice.
While concluding his opening statement, the prosecutor stated, “This is the second time Mr. Robertson has come to trial. In addition to....” Before he concluded this sentence, defense counsel objected but the objection was overruled. The prosecutor continued, “In addition to fleeing from Officer Steward, he fled from us.” At this point, defense counsel asked for a mistrial, and it was denied. She objected, and it was overruled. The prosecutor continued,
In November of 1992, I think it was ’92, but it may have been ’93, we started his trial. It was in 1991 when this occurred. It has been going on for 3 years. We started this trial in November of 1992, and we picked a jury on the first day, like we did yesterday. On the second day, Mr. Robertson 19didn’t show up. He fled from us, just like he did from Officer Steward.
Defense counsel began to object, and the prosecutor told the jury it took 14 months to find defendant. Defense counsel asked for a side bar with the presence of the court reporter. During the side bar, defense counsel told the court the prosecutor’s remarks were an impermissible reference to other crimes, and now she would be forced to put her client on the stand in order to rebut it. The prosecutor told the court he was permitted to *397 introduce evidence that might make defendant feel he has to explain. The trial court agreed with the prosecutor, denied the mistrial and stated defendant , was in a “messy situation because of himself. If he feels he has to take the stand, that is fine.”
Evidence of criminal offenses other than the offense being tried is inadmissible as substantive evidence because of the substantial risk of grave prejudice to the defendant. In order to avoid the unfair inference that a defendant committed a particular crime simply because he is a person of criminal character, other crimes evidence is inadmissible unless it has an independent relevancy besides simply showing a criminal disposition. State v. Glynn, 94-0332, pp. 12-15 (La.App. 1st Cir.); 653 So.2d 1288, writ denied, 95-1153 (La. 10/6/95); 661 So.2d 464.
Prior to its amendment by Acts 1994, 3rd Ex.Sess. No. 51, Sec. 1, LSA-C.Ev. art. 404 B(l) provided:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
LSA-C.Cr.P. art. 770 provides that, upon motion of the defendant, a mistrial shall be ordered when, within the hearing |i0of the jury, the district attorney makes a remark referring to another crime committed by defendant as to which evidence is not admissible.
Before evidence of other crimes can be admitted into evidence, the State must furnish defendant with a written statement of the offenses it intends to offer, described with reasonable particularity and within a reasonable time before trial. See State v. Prieur, 277 So.2d at 130. Further, a pretrial hearing must be held at which the State is required to show the evidence serves the actual purpose for which it is offered and to prove by clear and convincing evidence this defendant committed the other crimes. State v. Allen, 26-547, p. 11 (La.App. 2d Cir. 12/7/94); 647 So.2d 428, 434, writ denied, 95-0048 (La. 5/19/95); 654 So.2d 1352.
In the instant case, the “other crime” that the State did not provide notice of was defendant’s failure to appear for his first trial; when that occurred, he was cited with contempt for which he served six months in jail. Because there was no notice of intent to introduce other crime evidence, there was no hearing at which the State could argue the value of the evidence and the reason for allowing the jury to hear it. Because defendant’s contempt crime does not fit under the statutory exceptions provided by LSA-C.E. art. 404 BQL), it is inadmissible evidence of another crime. In the instant case the charge against defendant was based on the testimony of one undercover police officer who testified he was certain he saw defendant toss a bag of cocaine from a moving pickup truck while driving. We agree with defense counsel that the lack of compliance with the Prieur requirements put her client in a position of having to rebut the other crime evidence and prejudiced him[3]. See State v. Sanders, 93-0001, p. 14 (La. 11/30/94); 648 So.2d 1272, 1284. Defense counsel told the court the reason defendant did not appear for his first trial was because he overheard a juror make a racist remark. Clearly, defense counsel had not planned to have defendant testify and explain his reasons for failure to appear to the jury. Although defendant did not testify, the lack of notice surprised defense counsel and affected her defense of her client. Therefore, we find it was reversible error for the trial court to deny defendant’s motion for a mistrial.
We thus must reverse defendant’s conviction, vacate his sentence, and remand this *398 case to the district court for a new trial. See State v. Tucker, 619 So.2d 1076 (La.App. 1st Cir.1993). However, because we have found there was insufficient evidence of intent to distribute cocaine, defendant can be retried only on the lesser charge of simple possession. See Justice Lemmon’s concurring opinion in State ex rel. Lawrence v. Smith, 571 So.2d 133 (La.1990).
For the reasons set forth herein, the conviction of defendant is reversed, his sentence is vacated, and the ease is remanded for retrial on a lesser charge.
CONVICTION REVERSED; SENTENCE VACATED; CASE REMANDED FOR RETRIAL ON LESSER CHARGE.

. The defendant has separately appealed his habitual offender adjudication and sentence. See State v. Robertson, 95 KA 0646, 672 So.2d 390, also decided this date. Accordingly, assignments of error Nos. 14 and 15, which relate only to the habitual offender adjudication and sentence, are considered therein.

. We are aware of State v. Kahey, 436 So.2d 475 (La.1983), in which the Louisiana Supreme Court held that defendant waived his rights to prior hearing and notice by failing to specifically object to lack of Prieur notice or seek a continu-anee to prepare for the evidence. In the instant case, defense counsel does not specifically state the name of the case, Prieur, but she does argue her client was prejudiced by the lack of notice.