JOHN J. MOLAISON, JR., Judge.
| gDefendant, Michael Martin, appeals his conviction of possession with intent to distribute cocaine. For the reasons that follow, we affirm.

PROCEDURAL HISTORY

On March 14, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Michael Martin, with possession with intent to distribute cocaine in violation of LSA-R.S. 40:967(A). Defendant was arraigned on April 6, 2011, and pled not guilty. On May 26, 2011, the matter proceeded to trial where a 12-person jury returned a verdict of guilty as charged. Defendant filed a motion for a new trial on June 14, 2011, which the trial court heard and denied the next day.
On June 20, 2011, the trial court sentenced defendant to imprisonment at hard labor for fifteen years with the first two years to be served without the benefit of parole, probation, or suspension of sentence. That same day the State filed a |smultiple offender bill of information, alleging defendant to be a second felony offender. Defendant stipulated to the allegations of the multiple bill. The trial court *173 vacated defendant’s original sentence and imposed the agreed-upon enhanced sentence of 15 years at hard labor. On August 1, 2011, defendant filed a motion for appeal, which the trial court granted the next day.
On September 25, 2012, this Court dismissed defendant’s appeal as untimely. State v. Martin, 12-74 (La.App. 5 Cir. 9/25/12), 101 So.3d 1004. Thereafter, defendant filed an application for post-conviction relief seeking an out-of-time appeal, which the trial court granted on December 18, 2012. This appeal followed.

FACTS

In the evening of February 17, 2011, Officer Brandon Leblanc of the Gretna Police Department initiated a traffic stop near the intersection of Franklin Avenue and Burmaster Street in Gretna, Louisiana. The officer observed a vehicle disregard a red stop light and make a left turn. With lights and sirens, the officer pulled the vehicle over without incident. Defendant was the sole occupant of the vehicle. The officer obtained defendant’s proof of insurance, vehicle registration, and driver’s license, ran the information and determined that defendant had three open attachments. The officer then advised defendant of his rights, arrested him for the attachments, and placed him in the rear of his police unit. Defendant’s car was still running, so the officer turned off the ignition and retrieved the keys. While doing so, with the aid of a flashlight, he observed in plain view on the driver’s side floorboard a pack of cigarettes and underneath it a clear bag containing smaller bags. The officer suspected this was contraband, so he retrieved the bag and field-tested it for cocaine, which yielded a positive result. No money was recovered from defendant or his vehicle.
|4Soon thereafter, Detective Alfred Dis-ler and Lieutenant Scott Vincent of the Gretna Police Department arrived on the scene. Detective Disler advised defendant of his rights, which defendant indicated he understood and wished to waive. Defendant was then transported to the police station, where he was again advised of his rights, executed a rights of arrestee form, waived his rights, and gave a taped statement. In his statement, defendant admitted that the cocaine found was his, that he used cocaine daily, but that he did not sell it. He also stated that the vehicle he was driving when he was pulled over belonged to him.
A scientific analysis report, prepared by the Jefferson Parish Sheriffs Office Crime Laboratory, indicated that the narcotics seized from defendant consisted of one bag containing 14 bags of an off-white powder. The powder tested positive for cocaine and had a gross weight of 6.15 grams.
Lieutenant Daniel Jewell of the Jefferson Parish Sheriffs Office, an expert in the field of packaging, handling, and valuing street level narcotics, testified that three factors are considered when attempting to determine if a quantity of narcotics is being distributed or consumed personally: value, quantity, and packaging. He further testified that narcotics for personal use were usually bought in bulk, not divided into smaller amounts. Lieutenant Jewell explained that 6.15 grams of cocaine in bulk has a value of about $300 to $400. It was his opinion that 6.15 grams of cocaine divided into 14 smaller units would have a value of about $50 per unit, or about $700 collectively. Lieutenant Jewell asserted that it was inconsistent with personal use for the narcotics to be broken down into smaller units.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO

These two assignments are addressed together since they are related, and defen *174 dant addresses them together in his brief. Defendant first alleges that the evidence was insufficient to support his conviction. Secondly, he contends that the | ¡¡trial court erred in denying his motion for a new trial on the ground that the evidence was insufficient to support his conviction.[1] Defendant argues that the State failed to prove that he possessed cocaine with the intent to distribute. Specifically, defendant acknowledges that the evidence supports a finding of possession, but he disputes that he had the intent to distribute the cocaine. The State contends otherwise.
This Court has recognized that a denial of a motion for a new trial based on the verdict being contrary to the law and the evidence is not subject to review on appeal. State v. Bazley, 09-358, p. 17 (La.App. 5 Cir. 1/11/11), 60 So.3d 7, 19, writ denied, 11-0282 (La.6/17/11), 63 So.3d 1039 (citation omitted). However, both the Louisiana Supreme Court and this Court have still addressed sufficiency claims under these circumstances. Id., 09-358 at 17-18, 60 So.3d at 19 (citation omitted). Therefore, we will address this assignment of error.[2] See id., 09-358 at 18, 60 So.3d at 19.
In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Mickel, 09-953, p. 4 (La.App. 5 Cir. 5/11/10), 41 So.3d 532, 534, writ denied, 10-1357 (La.1/7/11), 52 So.3d 885.
Under the Jackson standard, a review of the record for sufficiency of the evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Jones, 08-20, p. 6 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. Id., 08-20 at 7, 985 So.2d at 240.
*175 Defendant was convicted of possession of cocaine with intent to distribute in violation of LSA-R.S. 40:967(A). To support a conviction of possession of a controlled dangerous substance with the intent to distribute, the State is required to prove that defendant possessed the substance and did so with the specific intent to distribute it. State v. Morton, 12-27, p. 18 (La.App. 5 Cir. 5/31/12), 97 So.3d 1034, 1042, writ denied, 12-1476 (La.1/18/13), 107 So.3d 625. Specific intent is “that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” Id. Specific intent may be inferred from the circumstances. Id. Such circumstances include: (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant’s possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute. State v. Hearold, 603 So.2d 731, 735 (La.1992). Finally, specific intent is a legal conclusion to be resolved by the fact-finder. Morton, supra.
For example, in State v. Wade, 36,295, pp. 6-7 (La.App. 2 Cir. 10/23/02), 832 So.2d 977, 983, writ denied, 02-2875 (La.4/4/03), 840 So.2d 1213, the Second Circuit found that the evidence was sufficient to support a finding of intent to distribute cocaine even though no money, weapon, cellular telephone, or pager was found on the defendant’s person at the time of his arrest. The defendant, upon his arrest, was carrying in his front pocket seven individually wrapped rocks of crack cocaine, and the State’s expert witness testified that the total weight of cocaine discovered on the defendant’s person, 9.2 grams, was not a “personal use amount,” and explained that each $100 rock would likely have been divided into “dime bags.” Id.
On the other hand, in State v. Robertson, 95-645, p. 7 (La.App. 1 Cir. 4/4/96), 672 So.2d 391, 396, writ granted in part, 96-1048 (La.10/4/96), 680 So.2d 1165, the First Circuit found that the circumstances did not indicate that the defendant intended to distribute the five to eight grams of crack cocaine recovered from him. First, although the crack cocaine was in $10.00 and $20.00 rocks, a form suitable for distribution, there was only one package, rather than several smaller packages; and there were no baggies in which to package smaller amounts. Id., 95-0645 at 6-7, 672 So.2d at 395-96. Second, there were three persons in the vehicle who could have shared the rocks amongst themselves. Id., 05-0645 at 7, 672 So.2d at 396. And third, no weapons or large sums of cash, items commonly seized in drug distribution arrests, were found on the defendant’s person or in the vehicle. Id.
In the instant case, the State introduced evidence that showed defendant possessed 6.15 grams of cocaine, which was divided and packaged into 14 smaller | quantities. Also, the State presented expert testimony that the division of the cocaine into smaller amounts was consistent with distribution and inconsistent with personal use. Yet, there was no testimony as to whether 6.15 grams of cocaine was a quantity consistent with distribution or personal use. Other than the individual packaging, no money, weapons, or any other items associated with distribution were discovered on defendant or in his vehicle. However, neither was paraphernalia indicative of personal use discovered in defendant’s possession. Unlike Robertson, *176 where three people were in the vehicle, in the instant case, defendant was alone in the vehicle at the time of his arrest. On the other hand, defendant claimed in his statement that the cocaine was for his personal use.
The jury reviewed all the evidence, heard all the testimony, and evidently believed the State’s expert, concluding that defendant intended to distribute the cocaine. When the trier of fact is confronted with conflicting testimony, fact findings rest solely with that judge or jury, who may accept or reject, in whole or in part, any witness’s testimony. State v. Watson, 08-214, p. 9 (La.App. 5 Cir. 8/19/08), 998 So.2d 779, 785. Absent internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Caffrey, 08-717, p. 5 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, 202, writ denied, 09-1305 (La.2/5/10), 27 So.3d 297. It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence. Watson, 08-214 at 9, 993 So.2d at 785.
After reviewing the evidence and the jurisprudence, we find that a rational trier of fact could have found that the evidence was sufficient under the Jackson standard to show that defendant possessed the cocaine with the intent to distribute it. Defendant’s intent to distribute can be inferred from the individual packaging 13of the cocaine, the lack of personal paraphernalia, and the fact that the cocaine was discovered in the possession of one person. Accordingly, we also find that the trial court did not abuse its discretion in denying defendant’s motion for a new trial based on the verdict being contrary to the law and the evidence.[3]
These assignments are without merit.

ERRORS PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Wetland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals one error patent that does not require correction, but is worthy of discussion.
Defendant, as a second felony offender, was sentenced to fifteen years at hard labor. LSA-R.S. 15:529.1(G) provides that any sentence imposed under the provisions of this section shall be at hard labor without the benefit of probation or suspension of sentence. State v. Nickles, 46,189, p. 10 (La.App. 2 Cir. 4/13/11), 60 So.3d 728, 734, writ denied, 11-0900 (La.11/18/11), 75 So.3d 450. Regarding the imposition of a sentence without the benefit of parole, the conditions imposed on the sentence are those called for in the sentencing provisions for the underlying felony offense. Id. (Emphasis in original). In fact, the sentence conditions required by LSA-R.S. 15:529.1(G) are additions to, rather than replacements of, those conditions required by the sentencing provisions for the underlying offense. Id.
At the time of the offense,[4] LSA-R.S. 40:967(B)(4)(b) provided that the first two years of a sentence for distribution of cocaine are to be served without the *177 Imbenefít of parole, probation, or suspension of sentence. The trial court failed to articulate this when imposing sentence. Despite this omission, pursuant to LSA-R.S. 15:301.1, the benefits provision is self-activating and the first two years of defendant’s sentence are deemed to be without all benefits, while all fifteen years are deemed to be without the benefit of probation or suspension of sentence. See State v. Williams, 10-265, pp. 11-12 (La.App. 5 Cir. 11/9/10), 54 So.3d 98, 105-06.

DECREE

For the foregoing reasons, the conviction and sentence are affirmed.

CONVICTION AND SENTENCE AFFIRMED

. In his motion for a new trial, defendant alleged six grounds for granting a new trial. The fifth alleged his conviction was not supported by the evidence:
The verdict of guilty of [sic] as charged of Possession with Intent to Distribute Cocaine was not supported by the evidence. The only evidence introduced against the Defendant with reference to this charge was the tape recorded statement of the defendant’s alleged confession which we contend was coerced under the guise of "getting him some help (i.e., drug treatment; drug court),” which was totally insufficient in that the rights of arrestee form was not mentioned on the tape and the witnessing law enforcement officer was not called to testify at trial.

. Further, it is noted that the question of sufficiency of the evidence is properly raised in the trial court by a motion for post-verdict judgment of acquittal. State v. Thomas, 08-813, p. 5 (La.App. 5 Cir. 4/28/09), 13 So.3d 603, 606 n. 3, writ denied sub nom., State ex rel. Thomas v. State, 09-1294 (La.4/5/10), 31 So.3d 361. Although defendant filed a motion for a new trial, he did not file a motion for post-verdict judgment of acquittal under LSA-C.Cr.P. art. 821. Procedurally, there is a distinction between the two motions. Id. Nonetheless, the failure to file a post-verdict judgment of acquittal does not preclude appellate review of the sufficiency of the evidence. Id.

. The trial court’s ruling on a motion for a new trial will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Bazley, 09-358, p. 17 (La.App. 5 Cir. 1/11/11), 60 So.3d 7, 19, writ denied, 11-0282 (La.6/17/11), 63 So.3d 1039 (citation omitted).

. It is well-settled that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Sugasti, 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520.